

**ORDERED in the Southern District of Florida on March 27, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | ) CASE NO. 16-21659-RAM |
| | ) CHAPTER  7 |
| SANOMEDICS, INC., | ) |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER (I) GRANTING
ZENCHARTS, LLC'S MOTION FOR PROTECTIVE
ORDER, (II) OVERRULING TILIUS, LLC'S OBJECTION, AND (III)
<u>DENYING TILIUS, LLC'S REQUEST FOR AN AWARD OF FEES AND EXPENSES</u>**

Creditors normally have a right to conduct Rule 2004 examinations of third parties who possess documents and information relevant to the administration of a bankruptcy case. In this opinion, the Court finds an exception to this general right where the party seeking discovery bought a small unsecured claim to become

a creditor and is unquestionably seeking discovery solely in support of non-bankruptcy litigation and not for any legitimate bankruptcy purpose.

## Factual and Procedural Background

Four petitioning creditors filed an involuntary chapter 11 petition against Sanomedics, Inc. (the "Debtor") on August 24, 2016. The Court entered an Order for Relief on October 5, 2016 [DE #6], and at the request of the U.S. Trustee and the petitioning creditors, converted this case to chapter 7 by Order dated October 28, 2016 [DE #16].

More than a year later, on December 31, 2017, KIPU Systems, LLC ("KIPU") filed a complaint (the "Complaint") in the U.S. District Court for the Southern District of Florida against ZenCharts, LLC ("ZenCharts"), and other entities and individuals, including the Debtor's CEO and President, Keith Houlihan, case number 1:17-cv-24733-KMW (the "District Court Case").  The Debtor is not named as a defendant but is described in the Complaint as a participant in the bad acts alleged in the Complaint.

On January 3, 2018, Marcia T. Dunn, the Chapter 7 Trustee (the "Trustee"), noticed a Fed. R. Bankr. P. 2004 examination *duces tecum* of ZenCharts (the "Trustee's 2004 Examination") [DE #75].  The 13-paragraph document request seeks documents reflecting agreements and transactions between ZenCharts and the Debtor, its wholly-owned subsidiaries, and the Debtor's principal, Keith Houlihan.

On January 9, 2018, shortly after KIPU filed the District Court Case, Tilius, LLC ("Tilius") acquired a $12,524.43 unsecured claim (the "Claim") against the Debtor from KCSA Strategic Communications [DE #78]. KIPU's counsel in the District Court Case represents both KIPU and Tilius in this bankruptcy case and counsel admitted that Tilius is affiliated with KIPU at a hearing on March 22, 2018.[1]

After cancelling the originally scheduled examination of ZenCharts, the Trustee re-noticed the examination in the January 24, 2018 Notice of Rule 2004 Examination Duces Tecum of ZenCharts, LLC (the Trustee's Re-Noticed 2004 Examination") [DE #85]. On January 25, 2018, Tilius cross-noticed the Trustee's Re-Noticed 2004 Examination (the "Tilius Cross-Notice") [DE #86]. Most significantly, for purposes of this opinion, in conjunction with its cross-notice, Tilius separately issued its own subpoena duces tecum to ZenCharts (the "Tilius Subpoena") [DE# 87]. The scope of the documents requested in the Tilius Subpoena is far broader than the documents requested by the Trustee, spanning 9 pages and containing 85 paragraphs of requests. The Tilius Subpoena and Tilius Cross-Notice will be referred to as the "Tilius Discovery Requests."

---

[1] In a supplemental memorandum in opposition to the pending Motion for Protective Order, Tilius did not expressly deny its affiliation with KIPU, but it was deliberately evasive arguing that "Tilius is not an affiliate (as defined in section 101(2) of the Bankruptcy Code) or alter ego of KIPU Systems, LLC and ZenCharts alleges no facts (nor could it) that would support such a finding." [DE# 96, p. 1].

On January 31, 2018, ZenCharts filed ZenCharts, LLC's Motion for Protective Order Against Tilius, LLC's Rule 2004 Examination and Quashing Subpoena (the "Motion for Protective Order") [DE# 89]. Tilius filed an objection to the Motion for Protective Order [DE# 96], and the Court conducted an initial hearing on February 28, 2018. Following the initial hearing, the Court entered its February 21, 2018 Order Reserving Ruling and Granting Interim Relief on Motion for Protective Order, and Setting Filing Deadlines (the "Interim Relief Order") [DE# 102].

The Interim Relief Order noted that in filing the Trustee's Cross-Notice of Subpoena Duces Tecum of ZenCharts, LLC [DE# 92], the Trustee expanded her document request to include all of the documents requested in the Tilius Subpoena. The Interim Relief Order also noted that ZenCharts was willing to produce documents to the Trustee with the scope of production to be agreed to or determined by the Court.[2]

As to Tilius, the Interim Relief Order reserved ruling on the Motion for Protective Order and invited Tilius and ZenCharts to file

---

[2]The scope of production by ZenCharts to the Trustee is being determined in proceedings separate from the Court's resolution of the Motion for Protective Order which relates solely to ZenCharts' production to Tilius. On March 8, 2018, the Trustee and ZenCharts filed a Notice of Agreed Partial Production [DE# 107]. Then, after a hearing on March 22, 2018 on a motion to compel filed by the Trustee [DE# 111], on March 27, 2018, the Court entered its Order Granting Trustee's Expedited Motion to Compel Turnover of Documents from ZenCharts, LLC [DE# 115]. That Order requires ZenCharts to produce additional documents to the Trustee, to file a privilege log, and to file a supplemental motion for protective order if it cannot reach agreement with the Trustee on the remaining disputed paragraphs of the document request.

supplemental memoranda. Pending entry of a final Order, the Interim Relief Order also excused ZenCharts from producing documents to Tilius and instructed the Trustee not to provide Tilius with copies of any additional documents ZenCharts produced to the Trustee.

Both ZenCharts and Tilius filed supplemental memoranda [DE #105, 106], and the Court conducted a further hearing on March 22, 2018. Having reviewed the supplemental memoranda, and having considered the arguments of counsel at the March 22, 2018 hearing, the Court finds substantial cause to grant ZenCharts' Motion for Protective Order.

## Discussion

The crux of this discovery dispute involves Tilius' interest in seeking to obtain extensive discovery from ZenCharts, a non-debtor, under Fed. R. Bankr. P. 2004 ("Rule 2004"). ZenCharts argues that Tilius is affiliated with KIPU and that the subject matter of the documents requested by Tilius relate to the causes of action central to KIPU's District Court Case, namely KIPU's claims against ZenCharts for alleged misappropriation of intellectual property and trade secrets, and for trademark infringement. Based on these facts, ZenCharts argues Tilius is barred from taking Rule 2004 discovery under the "pending proceeding rule." ZenCharts also argues that the Tilius Discovery Requests seek discovery broader than KIPU would be entitled to in the District Court Case.

Despite substantial briefing by both ZenCharts and Tilius on the pending proceeding rule, the Court does not find the pending proceeding cases to be on point. Rather, the issue here is simply whether Tilius should be allowed to conduct Rule 2004 discovery of ZenCharts at all or be allowed to review documents ZenCharts produces to the Trustee. The facts strongly support the Court's conclusion that it may not.

### Improper Motive for Seeking Rule 2004 Discovery

Tilius argues that, "[a]s a creditor, Tilius has standing to examine ZenCharts, and certainly to inquire about the Debtor's business, and ZenCharts'[s] involvement with the Debtor" [DE #96, p.6]. While that general proposition may be true, the basic purpose of Rule 2004 discovery is not served where, as here, the "creditor" propounding the Rule 2004 discovery became a creditor of the Debtor only because of a post-petition purchase of a *de minimis* claim against the Debtor, the value of which is grossly eclipsed by the amount expended by the new "creditor" in seeking to conduct broad discovery under Rule 2004. Under these circumstances, the Court can and should exercise its authority under 11 U.S.C. § 105(a) "to prevent an abuse of process."

This case is a chapter 7 liquidation of a corporate debtor. The only possible motivation a small unsecured creditor would have for participating in this case would be to maximize any distribution it might receive on account of its claim against the Debtor. As

assignee and holder of one such small claim, Tilius is clearly not acting to maximize its distribution.

Tilius has already incurred far more in attorney's fees pursuing discovery than the amount of its unsecured claim.  In addition to the time spent drafting the lengthy Tilius subpoena, Tilius filed a twenty-six-page Objection [DE #96] to the Motion for Protective Order in which it acknowledges it "has incurred significant fees and costs" pursuing discovery responses from ZenCharts and requests that the Court enter an order awarding Tilius those fees and costs [DE #97, pp. 10-11].  In response to the Court's Order Reserving Ruling on ZenCharts's Motion for Protective Order, Tilius opted to file an eight-page supplemental memorandum of law [DE #105].  And, of course, if the Motion for Protective Order was denied, Tilius would incur several additional hours in attorney's fees attending the 2004 examination.

The inescapable conclusion is that the effort of Tilius to take extensive discovery of ZenCharts is for the improper purpose of assisting its affiliate, KIPU, in the District Court Case, not to maximize recovery on its small unsecured claim in this bankruptcy case.  Because the Tilius Discovery Requests are not being pursued for any legitimate bankruptcy purpose, there is cause to grant ZenChart's Motion for Protective Order.[3]

---

[3] The Court does not reach the issue of whether the Tilius Discovery Requests seek discovery that KIPU could not get directly in the District Court Case.  However,

Therefore, it is –

**ORDERED** as follows:

1. ZenCharts's Motion for Protective Order is granted.

2. Tilius' Objection [DE #96] is overruled, and its request for an award of attorney's fees and costs [DE #97] is denied.

3. The Tilius Discovery Requests are quashed, and Tilius may not propound any discovery on ZenCharts or have access to the discovery responses made by ZenCharts to the Trustee.

###

COPIES TO:

Michael P. Dunn, Esq. (Counsel for Trustee)
Michael R. Del Lago, Esq. (Counsel for ZenCharts)
Robert P. Charbonneau, Esq. (Counsel for Tilius)

---

if all of the discovery Tilius is seeking could be obtained by KIPU in the District Court Case, the Court questions why KIPU would go through the time and expense of having an affiliated party buy a claim in this case and fight hard to conduct contested 2004 discovery.