

**ORDERED in the Southern District of Florida on July 24, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

```
              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
```

| | |
|---|---|
| In re:              ) | CASE NO. 16-21659-RAM |
|                     ) | CHAPTER 7 |
| SANOMEDICS, INC.,   ) | |
|                     ) | |
|          Debtor.    ) | |

### ORDER DENYING MOTION TO RECONSIDER

Before the Court is KIPU Systems, LLC's Motion to Reconsider (A) Order Denying Without Prejudice Trustee's Motion to Compel Further Production from ZenCharts and (B) Order Granting, in Part, ZenCharts, LLC and Sean Callahan's Motion for Protective Order and Motion to Quash (the "Motion to Reconsider") [DE# 146]. The Motion to Reconsider seeks reconsideration of this Court's Order Granting, in Part, ZenCharts, LLC and Sean Callahan's Motion for

Protective Order and Motion to Quash (the "Protective Order") [DE# 144] and Order Denying Without Prejudice Trustee's Motion to Compel Further Production from ZenCharts (the "Order Denying Motion to Compel") [DE# 143].

On July 17, 2018, ZenCharts, LLC ("ZenCharts") filed its Response to [the Motion to Reconsider] (the "Response") [DE #150]. After reviewing the record, including the Motion to Reconsider, the Response, and several Orders entered in this case, the Court concludes that the Motion to Reconsider should be denied.

## Background

The relevant background leading up to the two Orders subject of the Motion to Reconsider is described in the Protective Order. The issues relate to the appropriate discovery that movant, KIPU Systems, LLC ("KIPU") may obtain from ZenCharts, LLC ("ZenCharts") in this bankruptcy case in light of KIPU's lawsuit against ZenCharts and others, presently pending in the United States District Court for the Southern District of Florida, Case No. 1:17-cv. 24733-KMW-EGT (the "District Court Case").

The Protective Order quashed the subpoenas KIPU served on ZenCharts in this bankruptcy case finding that this discovery is the same discovery that KIPU should pursue directly from ZenCharts in the District Court Case.  The Court applied the pending proceeding rule citing *In re Washington Mutual, Inc.*, 408 B.R. 45,

2

50 (Bankr. D. Del. 2009). In the Motion to Reconsider, KIPU argues that the Court misapplied the pending proceeding rule and that KIPU should still be permitted to take discovery of ZenCharts in this bankruptcy case under Rules 7026, *et seq.,* Fed. R. Bank. P.

The Protective Order reserved ruling on whether KIPU would be precluded from reviewing documents that ZenCharts produces to the Trustee and reserved ruling on whether KIPU would be precluded from attending any further depositions that the Trustee conducts of ZenCharts or its officers and employees. The Court found it appropriate to defer these issues until the scope of ZenCharts' production to the Trustee is resolved [DE# 144, p. 5]. Pending a ruling on these issues, the Court ordered the Trustee not to share with KIPU any documents that she has already received or will receive from ZenCharts. The Motion to Reconsider seeks a ruling giving KIPU immediate access to the documents that ZenCharts has produced, or will produce, to the Trustee.

The Motion to Reconsider also argues that ZenCharts has made misrepresentations to the District Court about this Court's prior orders in an effort to obstruct KIPU from obtaining discovery in the District Court case. Specifically, KIPU argues that ZenCharts filed a motion for protective order in the District Court Case wrongly stating that this Court had found that KIPU was guilty of abuse of process.

As discussed later, ZenCharts may have attributed to KIPU findings that this Court made only against KIPU's affiliate, Tilius. However, this Court is troubled more by KIPU's discovery request that triggered ZenCharts' motion for protective order. Instead of seeking discovery directly from ZenCharts in the District Court Case, as this Court expected it to do, KIPU issued a subpoena in the District Court Case to the Trustee in this bankruptcy case to obtain the documents that the Trustee received from ZenCharts. These are the same documents that this Court specifically denied KIPU present access to in the Protective Order.

## Discussion

A. <u>Standard of Review.</u> A motion for reconsideration should raise new issues by "demonstrat[ing] why the court should reconsider its prior decisions, and set[ting] forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Martinez v. Law Offices of David J. Stern, P.A. (In re Martinez)*, 266 B.R. 523, 538 (Bankr. S.D. Fla. 2001) (quoting *Gelles v. Skrotsky*, 15 F. Supp. 2d 1293, 1294 (M.D. Fla. 1998)). There are three grounds to grant a motion to reconsider: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice." *Id.* at 538 (quoting *Securities and Exchange Commission*

*v. Seahawk Deep Ocean Technology*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999)). None of those grounds are applicable here.

  B. <u>The Court properly applied the pending proceeding rule in its Protective Order.</u> KIPU's counsel concedes that the documents it seeks to obtain from ZenCharts in this bankruptcy case under Fed. R. Bankr. P. 2004 ("Rule 2004") are not only related to the District Court Case, but are the same documents that it would seek to obtain from ZenCharts in the District Court Case. [Transcript of June 6, 2018 Hearing [DE #147], p.55, ll. 12-13, "the discovery would be the same"]. This is textbook cause for application of the pending proceeding rule. *In re Washington Mutual, Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009) ("the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding").

  KIPU also concedes that the documents it obtained from the Trustee, first as KIPU then covertly as "Tilius", are relevant to KIPU's civil-conspiracy claims in the District Court Case and improve KIPU's position in the District Court Case. In its Motion to Reconsider, KIPU states that "[i]f not for the Trustee providing KIPU's counsel with copies of discovery obtained in this proceeding, KIPU may never have learned that the Debtor itself was

5

directly funding the development of ZenCharts." Motion to Reconsider, p.2.  KIPU then argues ZenCharts' discovery objections aim to bar KIPU from "discover[ing] more incriminating evidence exposing ZenCharts' wrongdoing." *Id*.  KIPU's argument underscores the need for application of the pending proceeding rule.  If KIPU is looking for evidence of ZenCharts' alleged wrongdoing, it should directly pursue that evidence in the District Court Case from ZenCharts, not collaterally through discovery in this bankruptcy case, or collaterally by issuing a subpoena in the District Court Case to get documents the Trustee obtained in this bankruptcy case.

Using Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid. *In re Washington Mutual, Inc.,* 408 B.R. at 50 ("Rule 2004 examinations may be inappropriate 'where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee.'" quoting *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002), and citing *Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994), *aff'd sub nom.*, *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (mem.) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and stating that the bankruptcy court did not abuse its discretion by denying production

under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee)).

The importance of complying with applicable rules of discovery when pursuing evidence related to a particular cause of action, as opposed to the more flexible limits of a Rule 2004 examination, is so critical that a district court impounded discovery taken under Rule 2004 where outside litigation was contemplated but had not yet been formally filed. *Collins v. Polk*, 115 F.R.D. 326 (M.D. La. 1987) (where a district court plaintiff accompanied a bankruptcy trustee on Rule 2004 examinations without advising the deponent of the plaintiff's intent to use the information obtained at the Rule 2004 examinations in future district court litigation, the district court impounded all Rule 2004 depositions and "*strongly* condemn[ed]" the plaintiff's actions). This Court, at this juncture, has not gone so far, having only directed KIPU to propound discovery on ZenCharts in the District Court Case, as opposed to impounding the discovery from ZenCharts that the Trustee already shared with KIPU.

KIPU argues that the Court misapplied the pending proceeding rule because courts applying the rule direct the party seeking discovery to take discovery under Rule 26, *et seq.*, Fed. R. Civ. P. KIPU believes this means that even if the pending proceeding

rule precludes it from seeking discovery from ZenCharts under Fed. R. Bankr. P. 2004, it may still seek discovery from ZenCharts in this bankruptcy case under Fed. R. Bankr. P. 7026, *et seq.*

KIPU's argument is just plain wrong. The pending proceeding rule cases direct the party seeking discovery to take discovery <u>in the pending proceeding</u>, not as an alternative to Rule 2004 discovery <u>in the main bankruptcy case</u>. As applied here, that means that KIPU must take discovery from ZenCharts in the District Court Case under the applicable Federal Rules of Civil Procedure, not seek the same discovery here under either Rule 2004 or Rules 7026 *et seq.,* Fed. R. Bankr. P.

KIPU cites to *In re Bennett Funding Group, Inc.,* 203 B.R. 24 (Bankr. N.D.N.Y. 1996), as supportive of its argument. To the contrary, the *Bennett* court applied the pending proceeding rule in identical fashion to this Court's application. The proponent of discovery in *Bennett*, a chapter 11 trustee, had filed an adversary proceeding against a deponent prior to serving that deponent with a subpoena for an examination under Fed. R. Bankr. P. 2004. Because the information sought by way of the Rule 2004 examination likely would relate to the parties and subject matter of the pending adversary proceeding, the court limited the trustee to taking discovery under Fed. R. Bankr. P. 7026 *et seq.*, in the adversary proceeding, that is, in the pending proceeding.

C. **The Court will not presently allow KIPU access to the ZenCharts documents in the Trustee's possession**. As described earlier, the Protective Order reserved ruling on whether KIPU would be precluded from reviewing ZenCharts documents that were produced to the Trustee and reserved ruling on whether KIPU should be precluded from attending future depositions of ZenCharts or its representatives. It was logical to reserve on these issues until the Court resolved any remaining disputes over the scope of ZenCharts' production to the Trustee. Moreover, there was, and still is, no urgency in considering whether KIPU may attend future depositions that the Trustee conducts of ZenCharts or its officer or employees because the Order Denying Motion to Compel precludes the Trustee from scheduling any further ZenCharts depositions pending further Order [DE# 143, p. 4]. Therefore, to the extent the Motion to Reconsider seeks relief allowing KIPU immediate access to the documents the Trustee has obtained from ZenCharts, the Motion to Reconsider is denied.

D. **ZenCharts is entitled to reference this Court's discovery orders if relevant to discovery disputes in the District Court Case.** KIPU alleges that ZenCharts wildly distorted this Court's findings in a motion for protective order it filed in the District Court Case. KIPU correctly notes that the Court commented at a hearing that its finding that KIPU's affiliate, Tilius, was

9

guilty of abuse of process,[1] does not apply to KIPU in the same way because KIPU has filed a large proof of claim in this case. However, KIPU's discovery tactics in the District Court Case, combined with its earlier attempt to get discovery in this bankruptcy case through its affiliate, Tilius, certainly make the Court question whether KIPU may be crossing the line.

In any event, there is no reason for this Court to preclude ZenCharts from citing to Orders entered in this bankruptcy case. Nothing done in this bankruptcy case was intended to express any opinion on what discovery KIPU may seek from ZenCharts in the District Court Case. That said, when this Court entered its Protective Order quashing the subpoenas KIPU served on ZenCharts in this case, the Court's expectation was that KIPU would serve a request for production on ZenCharts in the District Court Case, not try to subpoena the documents indirectly by issuing a subpoena to the Trustee in this bankruptcy case. This tactic appears to be an improper attempt to collaterally attack this Court's Orders presently precluding KIPU from receiving the documents ZenCharts has produced to the Trustee. How to address this questionable tactic is for the District Court to decide. But the Court continues to wonder why KIPU is avoiding the most direct route to

---

[1] *In re Sanomedics, Inc.*, 583 B.R. 796 (Bankr. S.D. Fla. 2018).

the discovery it is entitled to, namely serving a request for production of documents on ZenCharts in the District Court Case.

Based upon the foregoing, it is -

**ORDERED** that the Motion to Reconsider is denied in its entirety.

### 

COPIES TO:
Michael P. Dunn, Esq.
Michael R. Dal Lago, Esq.
Robert P. Charbonneau, Esq.