## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:

SANOMEDICS, INC. f/k/a                    Main Case No.: 16-21659-RAM
SANOMEDICS INTERNATIONAL          Chapter 7
HOLDINGS, INC.

      Debtor.

_____/

## TRUSTEE'S MOTION TO APPROVE (1) STIPULATION TO COMPROMISE CONTROVERSY WITH JPMORGAN CHASE BANK, N.A.; AND (2) PAYMENT OF CONTINGENCY FEE

MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of

SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC. (the

"Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure

9019 and Local Rule 9013-1(D), files this Motion to Approve (1) Stipulation to Compromise

Controversy; and (2) Payment of Contingency Fee (the "Motion"), and in support thereof, states

as follows:

### Background

1.     On August 24, 2016 (the "Petition Date"), the instant bankruptcy case was

commenced with the filing of an involuntary petition for relief under Chapter 11, Title 11 of the

United States Bankruptcy Code (the "Involuntary Case").

2.     On October 5, 2016, the Court entered an *Order for Relief in Involuntary Case*

[D.E. 6].

3.     On October 13, 2016, the Office of the United States Trustee filed an *Emergency*

*Motion to Convert or Dismiss Case and to Shorten Notice Pursuant to Rules 2002 and 9006* [D.E.

10], which was granted on October 28, 2016 pursuant to this Court's *Order Converting Case*

*Under Chapter 11 to Case Under Chapter 7 and Shortening Notice Pursuant to Bankruptcy Rules 2002 and 9006* (the "Conversion Order") [D.E. 16].

4.       Subsequently, Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Estate [D.E. 17].

5.       On October 4, 2018, the Trustee filed an Adversary Complaint against JPMORGAN CHASE BANK, N.A., as Successor in Interest to Washington Mutual Bank, Inc., a Foreign Banking Institution ("JPM") under 11 U.S.C. §§ 544, 548, and 550, and Fla. Stat. § 726, and for other relief under applicable non-bankruptcy federal and state law (the "Claims"), in Adv. Pro. No. 18-01407-RAM (the "Adversary Proceeding"), seeking to avoid and recover a pre-petition fraudulent transfer allegedly made by the Debtor to JPM, plus interest, attorneys' fees and costs, as specifically described in the Amended Complaint [D.E. 8] and is incorporated by reference (the "Transfer").

6.       On November 19, 2018, the court entered an *Order Granting Trustee's (1) Motion to Modify Compensation Structure for Dunn Law, P.A and (2) Application to Employ Michael Budwick and Meland Russin & Budwick, P.A. as Special Co-Counsel of Special Counsel* (the "Retention and Compensation Order") [D.E. 225].

7.       Dunn Law, P.A. ("DLPA") and Meland Russin & Budwick, P.A ("MR&B") as Litigation Co-Counsel have diligently prosecuted the Claims and have been in negotiations with JPM.

## THE PROPOSED SETTLEMENT[1]

8.      The Trustee and JPM (collectively, the "Parties") have determined that a compromise and settlement regarding the Transfers offers the best resolution for both Parties, and therefore is in the best interests of the Estate and all creditors.

9.      In order to avoid the high costs and inherent uncertainties of litigation related to the Claims and Transfers, the Parties, without admitting any fault or liability whatsoever to one another, have agreed to settle the Adversary Proceeding amicably as the most efficient way to settle all issues and disputes between the Parties. The details of the agreement are set forth in the Stipulation to Compromise Controversy (the "Stipulation"), attached hereto as **Exhibit "A."**

10.     In considering the circumstances and taking into account the nature of the disputes among the Parties and the associated risks, the Trustee believes the terms of the Stipulation are favorable to the Parties and the Estate.

11.     As more particularly set forth in the Settlement Agreement, subject to Bankruptcy Court approval, in exchange for the settlement payment of **$14,000.00** in cleared funds by JPM (the "Settlement Payment"), will be a full and final settlement between the Parties regarding the Transfers in the Adversary Proceeding.

12.     JPM will deliver the Settlement Payment in exchange for a release by the Trustee of the Claims against JPM under the Adversary Proceeding

13.     The proposed relief resolves the contested matters between the Parties expeditiously and cost effectively while also maximizing net recovery for the Estate.

14.     The Settlement Agreement constitutes the entire agreement by and between the Trustee and JPM with respect to all issues raised, or that could have been raised, regarding the

---

[1] All parties in interest are urged to consult the Settlement Agreement, which is attached hereto as Exhibit "A," for a complete and accurate description of its terms.

transfers stated in the Adversary Proceeding, and any claims of JPM against the Estate, Debtor and/or the Trustee.

15.     The Parties agree that the order granting the instant Motion (the "Approval Order") shall provide for this Court to retain sole and exclusive personal and subject matter jurisdiction to: (a) implement, interpret and enforce the terms of this Motion, the Approval Order and the Settlement Agreement; and (b) resolve any claims, controversies or disputes amongst the Parties arising from or related to the relief sought in this Motion. The form of the Approval Order is attached hereto as **Exhibit "B,"** and incorporated herein by reference.

16.     The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## RELIEF REQUESTED

17.      Trustee seeks this Court's entry of an order:

   a.     Approving the Stipulation on the terms and conditions set forth therein;

   b.     Authorizing the Trustee to make certain disbursements for the respective contingency fees and costs of Trustee's counsel and special co-counsel, as delineated in this Court's Retention and Compensation Order.

   c.     Pursuant to the Retention and Compensation Order, the Trustee seeks authority to disburse to DLPA and MRB contingency fees and costs as follows:

   Gross Settlement Proceeds…………….$14,000.00

   Contingency Fee to DLPA (20%)……....$2,800.00

   Contingency Fee to MRB (20%)…….....$2,800.00

## <u>Legal Standard for Settlement</u>

11.  Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

12.  As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)). 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

13.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

14.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    a.  the probability of success in the litigation;

    b.  the difficulties, if any, to be encountered in the matter of collection;

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Southern District of Florida permits *inter alia* relief without the need for a hearing.

    c.   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d.   the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See*

*Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

15.    The Trustee believes that the proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with further litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

16.    In exercising its review under Bankruptcy Rule 9019, a bankruptcy court gives weight to a trustee's sound business judgment. *See, e.g., In re Southeast Banking Corp.*, 314 B.R. 250, 273 (noting a court gives "weight to the trustee's informed judgment" in considering a settlement under Bankruptcy Rule 9019); *see also In re Infotechnology, Inc.*, 89 F.3d 825 (2d Cir. 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the trustee).

17.    The Trustee submits that the proposed Settlement Agreement overwhelmingly satisfies the *Justice Oaks* standard. The Trustee believes that the Estate would ultimately prevail on the Claims, but that the ultimate benefit to the universe of claimants would be muted as the Estate would significantly increase the administrative costs without any realizable benefit.

18.    Based on, among other things: (a) the facts and circumstances set forth above; and (b) the expense and uncertainty of litigation, the Trustee asserts that the Settlement Agreement

meets the standards necessary for approval pursuant to Rule 9019, and therefore recommends approval of the proposed settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate.

19.     The Settlement Agreement, among other things: (a) precludes the Estate's risk and expense of continued litigation with JPM; (b) provides for the complete resolution of the Claims; (c) provides the Trustee with an opportunity to efficiently settle issues with JPM on terms favorable to the Estate against a party capable of financing the costs of litigation; and (d) facilitates fair and equitable administration of the Estate.

20.     Without the Settlement, it is anticipated that any litigation between the Parties would be expensive and time-consuming. If a settlement was not reached, the Trustee would be forced to continue prosecuting the Adversary Proceeding against JPM. Indeed, the ultimate benefit to the creditors would diminish as any additional litigation would significantly increase the administrative costs incurred by the Estate. The Parties agreed that the more efficient resolution would be to reach a global settlement agreement which include releases of JPM in exchange for payment of the Settlement Payment.

21.     Therefore, after full and careful consideration, the Trustee believes that the resolution set forth in the Settlement Agreement is in the best interest of the Estate and its creditors.

22.     Counsel for the Trustee and JPM have reviewed this Motion prior to its filing and agree and acknowledge, on behalf of their respective clients, that it contains the complete agreement of the Parties with respect to the subject matter addressed herein and shall be binding in all respects upon the Estate and JPM, subject to approval by the Bankruptcy Court.

**WHEREFORE**, MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC., respectfully

requests this Honorable Court enter an Order in substantially the form attached hereto as **Exhibit "B"**: (1) granting the instant Motion; (2) approving the Settlement; (3) approving disbursements as reflected hereinabove and (4) granting such other and further relief as this Court deems just and proper.

Dated: June 13, 2019                    Respectfully Submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
michael.dunn@dunnlawpa.com

By:      */s/ Michael P. Dunn*
         Michael P. Dunn, Esq.
         Florida Bar No. 100705


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on June 13, 2019, via U.S. Mail to all parties on the attached Master Service List; and via CM/ECF electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, including:

- Thomas L Abrams     tabrams@tabramslaw.com, pryan@tabramslaw.com
- David W Baddley     baddleyd@sec.gov
- Kalei McElroy Blair     kmbpleadings@whhlaw.com, johnm@whhlaw.com
- Michael S Budwick     mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Orlando D Cabeza     odcabeza@dldlawyers.com

- Robert P. Charbonneau    rpc@agentislaw.com,
  nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- Michael R Dal Lago    mike@dallagolaw.com, kim@dallagolaw.com
- Marcia T Dunn    mdunn@dunnlawpa.com,
  acastro@dunnlawpa.com;slebron@dunnlawpa.com;ecf.alert+dunn@titlexi.com
- Michael P Dunn    michael.dunn@dunnlawpa.com,
  rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com
- Solomon B Genet    sgenet@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;sgenet@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- John C German    cody.german@csklegal.com, lisa.butts@csklegal.com
- IPFS Corporation (Chandler)    lisa.chandler@ipfs.com
- Zachary N James    zjames@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;zjames@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Robert L. Jennings    hbrj@aol.com, service.rljpa@gmail.com
- Richard M Jones    jonesr@kgplp.com,
  montanem@kgplp.com;piersonj@kgplp.com;kleinr@kgplp.com;mclaughlinr@kgplp.com;lowej@kgplp.com
- Steven C Jones    steven.jones@wilsonelser.com,
  anna.nowakowska@wilsonelser.com;vivian.fusco@wilsonelser.com;EService.Miami@wilsonelser.com;alan.fiedel@wilsonelser.com
- Robert M Klein    kleinr@kgplp.com,
  montanem@kgplp.com;piersonj@kgplp.com;jonesr@kgplp.com
- Niall T McLachlan    nmclachlan@carltonfields.com, cguzman@carltonfields.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Matthew A Petrie    map@agentislaw.com,
  nsocorro@agentislaw.com;bankruptcy@agentislaw.com;map@ecf.inforuptcy.com;bankruptcy.ecc@ecf.courtdrive.com
- Tomas A Pila    pilalaw@bellsouth.net
- Felipe Plechac-Diaz    fpd@lsaslaw.com,
  fplechacdiaz@ecf.inforuptcy.com;zbs@lsaslaw.com;info@lsaslaw.com;ah@lsaslaw.com;receptionist@lsaslaw.com
- Robert M Quinn    rquinn@carltonfields.com,
  dlester@carltonfields.com;tpaecf@cfdom.net
- Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Martin L Sandler    martin@sandler-sandler.com
- John S Sarrett    jsarrett@sarrettlaw.com
- Steven D Schneiderman    Steven.D.Schneiderman@usdoj.gov
- James D. Silver    jsilver@kelleykronenberg.com,
  RAldama@kelleykronenberg.com;jsilver@kklaw.com
- Sherri B. Simpson    sbsecf@gmail.com,
  bklaw9999@gmail.com;bklaw99@aol.com;simpsonsr75198@notify.bestcase.com
- Robert A. Stok    service@stoklaw.com,
  rstok@stoklaw.com;dsuazo@stoklaw.com;jkon@stoklaw.com;rpassos@stoklaw.com;mv

azquez@stoklaw.com;apasternak@stoklaw.com;sortiz@stoklaw.com;mbonner@stoklaw.
com;milich@stoklaw.com

By:    */s/ Michael P. Dunn*
       Michael P. Dunn, Esq.
       Florida Bar No. 100705

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

SANOMEDICS, INC.                    Case No. 16-21659-RAM
                                    Chapter 7

Debtor.

_____/

## STIPULATION AND SETTLEMENT AGREEMENT

**THIS STIPULATION TO COMPROMISE CONTROVERSY AND SETTLEMENT AGREEMENT** (the "Settlement Agreement" or "Agreement") is entered on the dates stated below, by and among Marcia T. Dunn, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC. ("Estate"), and defendant, JPMORGAN CHASE BANK, N.A., as Successor in Interest to Washington Mutual Bank, Inc., a Foreign Banking Institution ("JPM") (collectively, the "Parties"), and hereby stipulate under the following terms and conditions and agree as follows:

### RECITALS

A.      On August 24, 2016 ("Petition Date"), this bankruptcy case was commenced with the filing of an involuntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code ("Involuntary Case"). On October 5, 2016, the Court entered an Order for Relief in Involuntary Case [D.E. 6].

B.      On October 13, 2016, the Office of the United States Trustee filed an Emergency Motion to Convert or Dismiss Case and to Shorten Notice Pursuant to Rules 2002 and 9006 [D.E. 10], which was granted on October 28, 2016 pursuant to this Court's Order Converting Case Under Chapter 11 to Case Under Chapter 7 and Shortening Notice Pursuant to Bankruptcy Rules 2002 and 9006 ("Conversion Order") [D.E. 16].

C.      The Trustee was duly appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

D.      On October 4, 2018, the Trustee filed an Adversary Complaint against JPM under 11 U.S.C. §§ 544, 548, and 550, and Fla. Stat. § 726, and for other relief under applicable non-bankruptcy federal and state law (the "Claims"), in Adv. Pro. No. 18-01407-RAM (the "Adversary Proceeding"), seeking to avoid and recover a pre-petition fraudulent transfer allegedly made by the Debtor to JPM, plus interest, attorneys' fees and costs, as specifically described in the Amended Complaint [D.E. 8] and is incorporated by reference     _____

E.      The Trustee's Adversary Complaint makes various factual allegations which JPM disputes, but the Parties wish to resolve the disputes between them as set forth herein, but in order

117942632.1

to avoid the high costs and inherent uncertainties of litigation related to the Claims and Transfers, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle the Adversary Proceeding amicably, have participated in good faith settlement negotiations, agree that resolution of the contested matters herein is the most efficient way to settle all issues and disputes between the Parties as described in the Adversary Proceeding; and have reached a settlement, the terms of which they have set forth in this Agreement.

**NOW THEREFORE**, in consideration of the premises, and for such other good and valuable consideration, the receipt and sufficiency of which hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree that the forgoing recitals are true and correct statements of fact and incorporated into this Agreement, and further stipulate and agree as follows:

1. **Incorporation of Recitals.** The Parties agree that the above recitals are true and correct, and are incorporated into this Agreement.

2. **Covenants.**

    a) JPM agrees to pay the total sum of fourteen thousand dollars ($14,000.00) (the "Settlement Payment") to the Trustee in full and final settlement of the Claims against the Transfers. The Settlement Payment shall be made by JPM to the Trustee on behalf of the Estate, within ten (10) business days after the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and JPM. The Settlement Payment is the consideration for this Agreement and the terms herein, including, but not limited to, the release set forth in Section 4.

    b) The Trustee agrees that the Settlement Payment is in full and final settlement of the Transfers by the Trustee in the Bankruptcy Case and in the Adversary Proceeding.

    c) The Settlement Payment set forth in Section 2(a) above will be in the form of a check, cashier's check, wire transfer or other form of immediately available funds, made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 66 West Flagler Street, Suite 400, Miami, FL 33130. The check or money order should clearly state the name of the Debtor and the Debtor's case number.

    d) The Trustee shall provide JPM with a W9.

3. **Bankruptcy Court Approval.** This Agreement is subject to and contingent upon approval of the United States Bankruptcy Court pursuant to Fed.R.Bankr.P. 9019. The Trustee agrees to file such stipulations and motions to compromise as required by the Court and to obtain any such approvals. The Adversary Proceeding shall be dismissed with prejudice by the Trustee, with each side to bear its own attorneys' fees and costs, after timely receipt and clearance of the Settlement Payment by JPM, and approval of this Agreement by the Bankruptcy Court in the Bankruptcy Case. Should the

Bankruptcy Court deny approval of the settlement contained within this Agreement, this Agreement shall be null and void. The Trustee shall return the Settlement Payment, if already remitted, to JPM within ten (10) days of any such denial of this Agreement.

4. **Releases.** In consideration of the Settlement Payment by JPM, payable by check to Trustee, Trustee, for the Estate, and subject to entry of a final order by the Bankruptcy Court approving the Agreement, the Trustee and JPM shall irrevocably release forever any claims or actions they may have against each other as they pertain to bankruptcy Estate, including the Claims, and any claims the Estate could have asserted against JPM in this bankruptcy proceeding..

5. **Default.** If the Settlement Payment is not actually received in available funds as aforesaid within twenty (20) business days after the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to JPM's counsel by first class postage-paid U.S. mail or by e-mail if such information is available (all of which Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide three (3) business days from the date of such notice to cure the default. The sole defense permitted by JPM shall be payment.

6. **Notices.** All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

|  |  |
|---|---|
| **Trustee:** | Michael P. Dunn, Esq.<br>Dunn Law, P.A.<br>66 West Flagler Street, Suite 400<br>Miami, Florida 33130<br>*Counsel for Trustee* |
|  | Michael S. Budwick, Esq.<br>Solomon B. Genet, Esq.<br>MELAND RUSSIN & BUDWICK, P.A.<br>3200 Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>*Counsel for Trustee* |
| **JPM:** | JPMorgan Chase Bank, N.A.<br>as Successor in Interest to Washington Mutual Bank, Inc.,<br>c/o Robert M,. Quinn, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard, Suite 1000,<br>Tampa, Florida 33607<br>E-mail: rquinn@carltonfields.com<br>*Counsel for JPM* |

7. **Advice of Counsel.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Agreement is in the best interests of the Parties. The Parties believe that this Agreement is in the best interests of JPM and the Estate. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement, that they have read this agreement, have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the agreement, and understands the terms and provisions of this agreement. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party. The Parties confirm by their signatures to this Agreement that they have been fully advised by independent counsel with respect to the terms of this Agreement and execute it voluntarily and with full knowledge of its terms and conditions.

8. **Further Assurances.** The Parties shall cooperate in the consummation of the Settlement Agreement and in preparation and execution of any and all documents necessary to carry out the intent and purpose of this Agreement.

9. **No Admission.** This Agreement shall not be construed against either Party as an admission of liability or concession of any matters, except as to those specific agreements contained herein. Each of the Parties understands and agrees that this Agreement and the settlement provided for herein are intended to compromise disputed claims and defenses, to avoid litigation, and that this Agreement, and the settlement provided for herein, shall not be construed or viewed as an admission by any Party of any liability or wrongdoing, such liability being expressly denied.

10. **Successors and Assigns.** The provisions of this Agreement shall be binding upon, and insure to the benefit of, the Parties and their respective employees, officers, directors, heirs, affiliates, successors, attorneys, legal and personal representatives of each party, and assigns, including any successor trustee is this case is converted to a case under any other chapter of the Bankruptcy Code. This Agreement is not intended to confer any rights on individuals not parties hereto. The Trustee's rights hereunder shall be assignable. In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition.

11. **Integration.** This Agreement represents the entire understanding and agreement between the parties hereto with respect to all of the issues raised, or that could have been raised in the Adversary Proceeding regarding the pre-petition Transfers from the Debtor to JPM, and any claims, if any, of JPM against the Debtor or the Trustee. This Agreement cannot be changed, amended, modified, supplemented or altered except in writing executed by all of the Parties. The Parties acknowledge that there are no communications or oral understandings contrary to or different from this Agreement.

117942632.1

12. **Severability.** Except as otherwise set forth herein, if any clause, provision, or paragraph of this Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Agreement, and this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

13. **Waiver.** The failure of the Trustee to demand from JPM's performance of any act under this Agreement shall not be construed as a waiver of the Trustee's right to demand, at any time, such performance. The failure of JPM to demand from the Trustee performance of any act under this Agreement shall not be construed as a waiver of JPM's right to demand, at any subsequent time, such performance.

14. **Jurisdiction.** The Parties agree that the United States Bankruptcy Court for the Southern District of Florida will retain exclusive jurisdiction to enforce and implement the terms and provisions of this Agreement and to otherwise resolve any disputes under or pertaining to this Settlement Agreement and the Parties consent and submit to the jurisdiction of the Bankruptcy Court, both personal and subject matter jurisdiction (including "core" jurisdiction), to adjudicate all such matters.

15. **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Settlement Agreement. In the event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover his/her reasonable attorneys' fees and costs from the other.

16. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when read together with the signatures of those Parties signing other counterparts, shall be deemed to be a complete and original copy. Delivery of an executed signature page to this Agreement via facsimile or email (pdf) shall be effective as delivery of an originally executed signature page to this Agreement.

17. **Neutral Interpretation.** In the event a dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

18. **Authority.** Each of the Parties to this Agreement represents and warrants that it is duly authorized to execute and enter into this Settlement Agreement and that the person through whom each Party executes this Agreement is fully and duly empowered and authorized to execute it on the respective Party's behalf.

19. **Headings.** The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

117942632.1

20. **Effective Date.** This Agreement shall become effective on the date that the last Party signs this Agreement.

**IN WITNESS WHEREOF**, the Parties, have each caused this Agreement to be executed by themselves or by their duly authorized representatives on the dates set forth below with a full and complete understanding of the terms hereof.

ACKNOWLEDGEMENT:

JPMorgan Chase Bank, N.A.

By: _Jennifer Smith_

Name: _Jennifer Smith_
Title: _Team Manager_

Date: _5/30/19_

ACKNOWLEDGEMENT:

MARCIA T. DUNN, AS CHAPTER 7
TRUSTEE FOR BANKRUPTCY ESTATE
OF SANOMEDICS, INC

By: _Marcia T. Dunn, Trustee_

Name: _Marcia T. Dunn, Chapter 7 Trustee_
Address: _66 West Flagler Street, Suite 400_
_Miami, Florida 33130_

Date: _6/11/19_

117942632.1

*EXHIBIT "B"*
**[PROPOSED ORDER]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SANOMEDICS, INC. f/k/a                                   Main Case No.: 16-21659-RAM
SANOMEDICS INTERNATIONAL                       Chapter 7
HOLDINGS, INC.

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE (1) STIPULATION TO COMPROMISE CONTROVERSY WITH JPMORGAN CHASE BANK, N.A.; AND (2) PAYMENT OF CONTINGENCY FEE**

**THIS CAUSE** came before the Court on _____, upon Chapter 7 Trustee,

Marcia T. Dunn's ("Trustee") *Motion to Approve (1) Stipulation to Compromise Controversy with*

*JPMORGAN CHASE BANK, N.A.; and (2) Payment of Contingency Fee* (the "Motion") [D.E. __][1],

and the Court, having reviewed the file, and the Motion; and the movant, by submitting this form of

order, having represented that the motion was served on all parties required by Local Rule 9013-1(D),

that the 21-day response time provided by that rule has expired, that no one has filed, or served on the

movant, a response to the motion, and further finding that the settlement that is the subject of the

Motion meets the criteria set forth in *In re Justice Oaks II Ltd*., 898 F.2d 1544 (11th Cir. 1990), and

thus is in the best interests of this Estate; and for good cause having been shown, does hereby:

_____
[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the
Settlement Motion [D.E. __].

**ORDER and ADJUDGE** that:

1.      The Motion is **GRANTED.**

2.      The proposed settlement between the Trustee and JPMORGAN CHASE BANK, N.A., as Successor in Interest to Washington Mutual Bank, Inc., a Foreign Banking Institution ("JPM") is approved on the terms and conditions set forth in the Settlement Agreement and Settlement Motion, which terms and conditions are incorporated herein by reference (the "Agreement").

3.      The Trustee is authorized to execute any and all documents necessary to complete the Settlement.

4.      The Trustee is authorized to make disbursements pursuant to the Retention and Compensation Order, to DLPA and MRB, as contingency fees and costs as follows:

> Gross Settlement Proceeds……………..$14,000.00
>
> Contingency Fee to DLPA (20%)……....$2,800.00
>
> Contingency Fee to MRB (20%)…….......$2,800.00

5.      The Court retains sole and exclusive jurisdiction to: (a) implement, interpret and enforce the terms of the Settlement Motion, this Order and the Agreement; and (b) resolve any claims, controversies or disputes amongst the parties arising from or related to the Agreement and the relief authorized herein.

#       #       #

Submitted by:
Michael P. Dunn, Esq.
Florida Bar No. 100705
DUNN LAW, P.A.
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866 | Fax: 786-260-0269
michael.dunn@dunnlawpa.com

*Attorney Dunn is directed to serve copies of this Order upon all parties of record, and to file a Certificate of Service with the Court confirming such service.*

MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)

**U.S. Trustee:**
Office of The United States Trustee
51 SW First Avenue, Room 1204
Miami, FL 33130

**Debtor:**
Sanomedics, Inc.
c/o Alexis S. Read, Esq.
66 West Flagler Street, #400
Miami, FL 33130

**Trustee's Attorney:**
Marcia T. Dunn, Trustee
c/o Michael P. Dunn, Esq.
Dunn Law, P.A.
66 West Flagler Street, Suite 400
Miami, FL 33130

**Trustee's Special Attorney:**
Michael S. Budwick, Esquire
Solomon B. Genet, Esquire
Zachary N. James, Esquire Meland
Russin & Budwick, P.A. 3200
Southeast Financial Center 200
South Biscayne Boulevard Miami,
Florida  33131

**Secured Creditors:**
Mark R. Miklos
3647 Dr. MLK Jr. St.
Saint Petersburg, FL 33704

PositiveID Corp.
1690 S. Congress Ave,
Suite 201
Delray Beach, FL 33445

US Capital Partners, LLC
555 Montgomery St.
Ste. 1501
San Francisco, CA 94111

Vitacura, LLC
9858 Clint Moore Road
#111-295
Boca Raton, FL 33496

**20 Largest Unsecured Creditors:**
Andrew M. Schwartz, P.A.
4755 Technology Way, #103
Boca Raton, FL 33431

Anthony Maru
78 Saint Francis Wood Rd
Madison, CT 06443

Arrowood Peters, LLP, Attorneys at Law
10 Post Office Square
Boston, MA 02109

Butler Pappas
777 South Harbour Island Blvd, #500
Tampa, FL 33602

Devlin Law Firm, LLC
1306 N. Broon St
Suite 1
Wilmington, DE 19806

Dimond Kaplan-JMJ
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

Dimond Kaplan - Manhattan Transfer
14 Wall St
20th Floor
New York, NY 10005

Dimond Kaplan-Invacare
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

2

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

Dimond Kaplan-Miklos
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

James M. Schneider, Esq.
2200 NW Corporate Blvd
Suite 210
Boca Raton, FL 33431-7307

IOA Healthcare Furniture
829 Blair St.
Thomasville, NC 27360

KSR Publishing Inc
2477 Stickney Point Road
315B
Sarasota, FL 34231

Koutoulas & Relis, LLC
1776 N. Pine Island Road
Suite 316
Fort Lauderdale, FL 33322

Mallah Furman & Company, P.A.
1001 Brickell Bay Drive
Suite 1400
Miami, FL 33131-4938

Manhattan Transfer Registrar Company
57 Eastwood Rd
Miller Place, NY 11764

Marcum, LLP
750 3rd Avenue
11th Floor
New York, NY 10017

PR Newswire
350 Hudson Street
Suite 300
New York, NY 10014-4504

Parson Behle & Latimer
201 South Main Street
Suite 1800
Salt Lake City, UT 84111

Salberg & Company, P.A.
2295 NW Corporate Boulevard
#240
Boca Raton, FL 33431

Santana Byrd & Jaap, P.A.
211 S. Boulevard
Tampa, FL 33606

**United States and its agencies:**
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Services
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

**Manual Notice List:**
Walter Boone
188 East Capitol St #1400
Jackson, MS 39201

Michael S. Budwick
Meland Russin & Budwick
200 S. Biscayne Blvd.
Suite 3200
Miami, FL 33131

Keith J Houlihan
18008 Jazz Lane
Boca Raton, FL 33496

Hal Levenberg
2 S Biscayne Blvd.,Ste 2690
Miami, FL 33131

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

State of California Franchise Tax
Board POB 2952
Sacramento, CA 95812