UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

SANOMEDICS, INC. f/k/a            Main Case No.: 16-21659-RAM
SANOMEDICS INTERNATIONAL     Chapter 7
HOLDINGS, INC.

       Debtor.
_____/

**TRUSTEE'S MOTION (1) FOR APPROVAL OF COMPROMISE
AND SETTLEMENT WITH DAVID LUBIN & ASSOCIATES, PLLC
AND DAVID LUBIN; (2) FOR ENTRY OF A BAR ORDER; AND
(3) TO APPROVE PAYMENT OF CONTINGENCY FEE**

Marcia T. Dunn, in her capacity as Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate ("*Estate*") of Sanomedics, Inc. f/k/a Sanomedics International Holdings, Inc. ("*Debtor*"), files this motion (1) to approve settlement ("*Settlement*") with David Lubin & Associates, PLLC and David Lubin (together, "*Defendants*," and with the Trustee, collectively the "*Parties*"); (2) for entry of a bar order ("*Bar Order*"); and (3) to approve payment of counsel's contingency fee ("*Motion*"). In support of this Motion, the Trustee states:

**Background**

1. On August 24, 2016 ("*Petition Date*"), the instant bankruptcy case was commenced with the filing of an involuntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code ("*Involuntary Case*").

2. On October 5, 2016, the Court entered the Order for Relief in Involuntary Case [ECF No. 6].

3. On October 13, 2016, the Office of the United States Trustee filed an Emergency Motion to Convert or Dismiss Case and to Shorten Notice Pursuant to Rules 2002 and 9006 [ECF

No. 10], which was granted on October 28, 2016, pursuant to this Court's Order Converting Case Under Chapter 11 to Case Under Chapter 7 and Shortening Notice Pursuant to Bankruptcy Rules 2002 and 9006 ("*Conversion Order*") [ECF No. 16].

4. Subsequently, Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Estate [ECF No. 17].

5. On October 4, 2018, the Trustee filed a complaint against Defendants, pursuing claims against Defendants for malpractice / professional negligence, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty ("*Claims*"), in Adv. Pro. No. 18-01406-RAM ("*Adversary Proceeding*").

6. On November 19, 2018, the Court entered the Order Granting Trustee's (1) Motion to Modify Compensation Structure for Dunn Law, P.A and (2) Application to Employ Michael Budwick and Meland Russin & Budwick, P.A. ("*MRB*") as Special Co-Counsel ("*Retention and Compensation Order*") [ECF No. 225].

7. To focus the Parties' attention and resources on potential settlement, the Parties filed a *Joint Motion to Abate and Suspend Pre-Trial Deadlines* [ECF No. 28] on March 26, 2019, which was granted on March 29, 2019 [ECF No. 29].

8. On June 17, 2019, the Parties mediated the Adversary Proceeding before Harry Schafer. A complete settlement was reached at the conclusion of the mediation.

## Settlement

9. The Parties have determined that a compromise and settlement regarding the Claims offers the best resolution for both Parties, and therefore is in the best interests of the Estate and all creditors.

9. The key aspects of the Settlement, as more fully stated in the stipulation ("*Stipulation*") attached as **Exhibit A** between the Parties, are:

a) **Cash Consideration**. Defendants will pay $300,000 to the Trustee in full and final settlement of the Trustee's claims ("*Settlement Payment*").

b) **Bar Order**. The Trustee, with the cooperation of the Defendants, shall make all reasonable efforts to obtain the entry of a final, non-appealable Bar Order by the Bankruptcy Court, which bars and permanently enjoins the prosecution of any and all claims against the Defendants by any and all of the following entities: (1) all past or present creditors of the Debtor; and (2) all investors and interest holders of the Debtor; except that the Bar Order shall not bar any claims other than claims relating to the Claims in the Adversary Proceeding. The Defendants shall be responsible for paying (or reimbursing the Trustee) for all costs associated with service of any motions or orders associated with seeking or obtaining the Bar Order. The Settlement is contingent upon the entry of the Bar Order, and if for any reason the Bar Order is not entered, the Stipulation shall be null and void in its entirety.

c) **Releases and Dismissal**. The Settlement provides for an exchange of releases between the Parties effective upon certain conditions and dismissal of the Adversary Proceeding upon fulfillment of certain conditions.

d) **Cooperation**. David Lubin will cooperate and provide truthful information to the Trustee relating to the business affairs or operations of the Debtor.

## RELIEF REQUESTED

10. The Trustee seeks an Order from this Court approving the Stipulation, entering the Bar Order, and directing payment of the Contingency Fee (defined below).

11. Fed.R.Bank.P. 9019 provides in relevant part that "[o]n motion ... and after a hearing on notice to creditors; the debtor … and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

12. Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).

13. The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608; *see also In re Martin*, 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997) (setting forth considerations by the Court for approval of a settlement, including: (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors).

A. *The Settlement Ought to be Approved*

14. Based upon the above legal principles, the Trustee asserts that the Settlement falls well above the lowest point of the range of reasonableness and thus, should be approved.

*Probability of success in litigation*

15. The Trustee believes that she has a meaningful likelihood of success in prosecuting her claims related to the services performed by Defendants. Nonetheless, the Trustee acknowledges that there are risks inherent in all litigation, that the burden of proof rests with the

Trustee, and Defendants have raised various issues and defenses, both during informal discussions between counsel and at mediation, that could potentially impact the Trustee's claims.

*Collectability*

16. Collectability is always a significant consideration with respect to the resolution of litigation, and that is no different here. Here, the Defendant is an attorney in his 50's who has pled guilty to conspiracy to unlawfully sell registered securities in violation of federal law (unrelated to the Debtor). He has been sentenced and was recently released from incarceration following his cooperation with federal law enforcement. *See U.S.A. v. Lubin*, Case No. 17-20508-cr-MGC pending in U.S. District for the Southern District of Florida. As a result, his future earning capacity is diminished. The Defendant is the insured pursuant to an insurance policy for professional negligence. However, the policy is a wasting policy.

17. If the Trustee were to litigate the case to conclusion, the defense costs would likely erode the bulk if not all of the policy and the Trustee would face challenges seeking collection, and in incur substantial costs in the process.

*Complexity of litigation and attendant expense, inconvenience and delay*

18. This is a significant consideration that militates in favor of approval of the Settlement.

19. Although many of the claims outlined above are typical claims litigated before this Court, they still will require retention of experts and extensive fact discovery before a trial could take place. Prosecution of this case will result in substantial costs, including costs for at least two testifying experts, and other typical and ordinary litigation-related expenses. These costs would diminish the net result of any recovery.

20. The Settlement addresses all of these concerns. The parties avoid litigating fact-specific claims with the attendant expense and delay of such litigation being nullified.

*Paramount interest of creditors*

21. The Settlement Payment provides a meaningful payment on the Trustee's claims against Defendants when measured against the potential defenses and litigation risks, as well as the potential delay and costs associated therewith. As such, the Settlement is in the paramount interest of the Debtors' stakeholders.

**B.  The Bar Order Ought to be Approved**

22. This Court has the inherent power under the Bankruptcy Code, including section 105(a), to issue any order necessary or appropriate to carry out the provisions of Title 11. *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499 (Bankr. S.D.N.Y. 1991). The Eleventh Circuit Court of Appeals in *Munford* concluded that (i) public policy favors settlements, (ii) the cost of litigation can be burdensome on a bankruptcy estate, and (iii) "bar orders play an integral role in facilitating settlements." *In re Munford*, 97 F.3d 449, 454 (11th Cir. 1996).

23. This Court has the broad power to approve settlement agreements and effectuate a release of non-debtors. *Munford*, 97 F.3d at 455; *see also In re S&I Investments*, 421 B.R. 569, 583-586 (Bankr. S.D. Fla. 2009). Indeed, the Eleventh Circuit Court of Appeals has stated that:

> [c]omplex litigation …can occupy a court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive.  Accordingly, the Federal Rules of Civil Procedure authorize district courts to facilitate settlements in all types of litigation …. [B]ar orders play an integral role in facilitating settlement. Defendants buy little peace through settlement unless they are assured that they will be protected against codefendants' efforts to shift their losses through cross claims for indemnity, contribution, and other causes related to the underlying litigation.

*In re U.S. Oil & Gas Litig.*, 967 F.2d at 493-94.

24. The Trustee submits that approval of the Settlement is fair, reasonable and in the best interest of the Estate and its creditors. Here, an essential and necessary part of the Settlement is the Bar Order, and that too should be approved; without such approval, there is no Settlement. The Trustee's agreement to obtain the Bar Order was negotiated at arms-length between the Parties and in good faith, as a part of the Parties' associated settlement discussions.

25. The Eleventh Circuit Court of Appeals has stated as follows:

> When determining whether to enter a bar order against nonsettling defendants, the court must make reasonable determination that bar order is fair and equitable. In making such a determination, courts consider the interrelatedness of the claims that the bar order precludes, the likelihood of nonsettling defendants to prevail on the barred claim, the complexity of litigation, and the likelihood of depletion of the resources of the settling defendants.

*Munford*, 97 F.3d 455 (internal citations omitted).

26. The Trustee submits that upon 'reasonable determination,' the requested Bar Order is fair and equitable. As set forth in the Settlement and above, the Bar Order bars interrelated claims that could be asserted against the Defendants by both the Trustee and creditors, investors, and interest holders of the Debtor.

27. Further, as stated above, the Bar Order was a necessary part of the Settlement, which results in the Settlement Payment to the Estate.

C. *The Contingency Fee Ought to be Approved*

28. Pursuant to the Retention and Compensation Order, Dunn Law, P.A. ("***DLPA***") is entitled to a fee of 20% of any affirmative recovery, and MRB is entitled to 20% of any affirmative recovery ("***Contingency Fee***").

29. The Trustee requests that the Contingency Fee, in the amount of $60,000 to DLPA and $60,000 to MRB, be approved and that she be authorized and directed to pay this amount when the Settlement Payment is made.

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the bankruptcy estate of Sanomedics, Inc. f/k/a Sanomedics International Holdings, Inc., respectfully requests this Court enter an Order in substantially the form attached as **Exhibit B**: (i) granting this Motion; (ii) approving the Settlement Agreement; (iii) approving the Bar Order; (iv) directing payment of the Contingency Fee; and (v) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on June 20, 2019, via the Court's Notice of Electronic Filing upon Registered Users set forth on the list attached **Exhibit 1**.

Respectfully Submitted,

s/ Zachary N. James
Michael S. Budwick, Esq.
Florida Bar No. 938777
mbudwick@melandrussin.com
Zachary N. James, Esq.
Florida Bar No. 0893641
zjames@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

    SANOMEDICS, INC.                        Case No. 16-21659-RAM
                                                 Chapter 7

    Debtor.
_____/

## STIPULATION AND SETTLEMENT AGREEMENT

**THIS STIPULATION TO COMPROMISE CONTROVERSY AND SETTLEMENT AGREEMENT** (the "Settlement Agreement" or "Agreement") is entered on the dates stated below, by and among Marcia T. Dunn, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC. ("Estate"), and Defendants, David Lubin & Associations, PLLC and David Lubin (together, "Defendants," and with the Trustee, collectively the "Parties"), and the Parties hereby stipulate under the following terms and conditions and agree as follows:

### RECITALS

**WHEREAS**, On August 24, 2016 ("Petition Date"), this bankruptcy case was commenced with the filing of an involuntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code ("Involuntary Case"). On October 5, 2016, the Court entered an Order for Relief in the Involuntary Case [D.E. 6].

**WHEREAS**, On October 13, 2016, the Office of the United States Trustee filed an Emergency Motion to Convert or Dismiss Case and to Shorten Notice Pursuant to Rules 2002 and 9006 [D.E. 10], which was granted on October 28, 2016 pursuant to this Court's Order Converting Case Under Chapter 11 to Case Under Chapter 7 and Shortening Notice Pursuant to Bankruptcy Rules 2002 and 9006 ("Conversion Order") [D.E. 16].

**WHEREAS**, the Trustee was duly appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

**WHEREAS**, on October 4, 2018, the Trustee initiated a lawsuit with various claims against Defendants (the "Claims"), in Adv. Pro. No. 18-01406-RAM (the "Adversary Proceeding").

**WHEREAS**, the Trustee's Claims make various factual allegations which Defendants disputes, but the Parties wish to resolve the disputes between them as set forth herein.

**WHEREAS**, in order to avoid the high costs and inherent uncertainties of litigation related to the Claims, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle the Adversary Proceeding amicably, have participated in good faith settlement negotiations, agree that resolution of the contested matters herein is the most efficient way to settle all issues and disputes between the Parties in the Adversary Proceeding, and have reached a settlement, the terms of which they have set forth in this Agreement.

**EXHIBIT A**

**NOW THEREFORE**, in consideration of the premises, and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree that the forgoing recitals are true and correct statements of fact and incorporated into this Agreement, and further stipulate and agree as follows:

1. **Incorporation of Recitals.** The Parties agree that the above recitals are true and correct, and are incorporated into this Agreement.

2. **Covenants.**

    a) Defendants agree to pay (or to have paid) the total sum of Three-Hundred Thousand dollars ($300,000.00) (the "Settlement Payment") to the Trustee in full and final settlement of the Claims. The Settlement Payment shall be made by Defendants (or on Defendants' behalf) to the Trustee on behalf of the Estate within thirty (30) calendar days after the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and Defendants. The Settlement Payment is the consideration for this Agreement and the terms herein, including, but not limited to, the release set forth in Section 5.

    b) The Trustee agrees that the Settlement Payment is in full and final settlement of the Claims by the Trustee in the Adversary Proceeding.

    c) The Settlement Payment set forth in Section 2(a) above will be in the form of a check, cashier's check, wire transfer or other form of immediately available funds, made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 66 West Flagler Street, Suite 400, Miami, FL 33130. The check or money order should clearly state the name of the Debtor and the Debtor's case number.

3. **Bankruptcy Court Approval.** This Agreement is subject to and contingent upon approval of the United States Bankruptcy Court pursuant to Fed.R.Bankr.P. 9019. The Trustee agrees to file such stipulations and motions to compromise as required by the Court and to obtain any such approvals. The Adversary Proceeding shall be dismissed with prejudice by the Trustee, with each side to bear its own attorneys' fees and costs, after approval of this Agreement by the Bankruptcy Court in the Bankruptcy Case and timely receipt and clearance of the Settlement Payment by Defendants. Should the Bankruptcy Court deny approval of the settlement contained within this Agreement, this Agreement shall be null and void. The Trustee shall return the Settlement Payment, if already remitted, to Defendants within ten (10) days of any such denial of this Agreement.

4. **Bar Order.** The Trustee, with the cooperation of the Defendants, shall make all reasonable efforts to obtain the entry of a final, non-appealable order ("Bar Order") by the Bankruptcy Court, which bars and permanently enjoins the prosecution of any and all claims against the Defendants by any and all of the following entities: (1) all past or present creditors of the Debtor; and (2) all investors and interest holders of the Debtor; except that the Bar Order shall not bar any claims other than claims relating to the Claims in the Adversary Proceeding. The Defendants shall be responsible for

paying (or reimbursing the Trustee) for all costs associated with service of any motions or orders associated with seeking or obtaining the Bar Order. This Agreement is contingent upon the entry of the Bar Order, and if for any reason the Bar Order is not entered, this Agreement shall be null and void in its entirety.

5. **Releases.**

    (i) Upon approval of this Agreement by order of the United States Bankruptcy Court and payment of the Settlement Payment, the Trustee, for and in consideration of the covenants made herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and conclusively established, hereby remises, releases, acquits, waives, and forever discharges Defendants of and from any and all, and all manner of, known claims, actions, causes of action, suits, debts, costs, covenants, obligations, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, deficiencies, and demands whatsoever, in law or in equity, that the Trustee now has or ever had against Defendants, direct or indirect, contingent or otherwise, from the beginning of time to the Effective Date, as defined below in Section 22, relating to any matter that was or could have been asserted in the Adversary Proceeding, except for the obligations contained herein.

    (ii) Upon approval of this Agreement by order of the United States Bankruptcy Court and payment of the Settlement Payment, Defendants, for and in consideration of the covenants made herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and conclusively established, by or on behalf of their parent or subsidiary companies, affiliates, past and present officers, shareholders, members, directors, attorneys, employees, agents, partners (whether general or limited), successors, administrators, licensees, or assigns, hereby remise, release, acquit, waive, and forever discharge the Trustee of and from any and all, and all manner of, known claims, actions, causes of action, suits, debts, costs, covenants, obligations, sums of money, accounts, reckonings, contracts, controversies, agreements, promises, damages, deficiencies, and demands whatsoever, in law or in equity, that Defendants now have or ever had against the Trustee, direct or indirect, contingent or otherwise, from the beginning of time to the Effective Date, as defined below in Section 22, relating to any matter that was or could have been asserted in the Adversary Proceeding, except for the obligations contained herein.

6. **Cooperation**. David Lubin agrees to cooperate and provide truthful information to the Trustee in any investigation undertaken by the Trustee arising from or relating in any way to the business affairs or operations of SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC., including, but not limited to being available by telephone to answer questions from the Trustee or her counsel and/or meeting with them on reasonable notice. Mr. Lubin shall not be entitled to any compensation or other consideration in connection with his cooperation.

7. **Notices.** All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

   **Trustee:**  Marcia T. Dunn, Trustee
   c/o Michael P. Dunn, Esq.
   Dunn Law, P.A.
   66 West Flagler Street, Suite 400
   Miami, Florida 33130

   And

   Michael S. Budwick, Esq.
   Meland, Russin & Budwick, P.A.
   200 S. Biscayne Blvd., Suite 3200
   Miami, Florida 33131
   *Counsel for Trustee*

   **Defendants:**  David Lubin & Associations, PLLC
   c/o James M. Shaw, Esq.
   DeMahy Labrador Drake Victor Cabeza Markowitz & Shaw
   806 Douglas Road, 12th Floor
   Coral Gables, Florida 33134
   *Counsel for Defendants*

8. **Advice of Counsel.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Agreement is in the best interests of the Parties. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement, that they have read this Agreement, have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the Agreement, and understand the terms and provisions of this Agreement. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party. The Parties confirm by their signatures to this Agreement that they have been fully advised by independent counsel with respect to the terms of this Agreement and execute it voluntarily and with full knowledge of its terms and conditions.

9. **Further Assurances.** The Parties shall cooperate in the consummation of the Settlement Agreement and in preparation and execution of any and all documents necessary to carry out the intent and purpose of this Agreement.

10. **No Admission.** This Agreement shall not be construed against either Party as an admission of liability or concession of any matters, except as to those specific agreements contained herein. Each of the Parties understands and agrees that this Agreement and the settlement provided for herein are intended to compromise disputed claims and defenses, to avoid

litigation, and that this Agreement, and the settlement provided for herein, shall not be construed or viewed as an admission by any Party of any liability or wrongdoing, such liability being expressly denied.

11. **Successors and Assigns.** The provisions of this Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective employees, officers, directors, heirs, affiliates, successors, attorneys, legal and personal representatives of each party, and assigns, and insurers and reinsurers, including any successor trustee if this case is converted to a case under any other chapter of the Bankruptcy Code. This Agreement is not intended to confer any rights on individuals not Parties hereto. The Trustee's rights hereunder shall be assignable. In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition.

12. **Integration.** This Agreement represents the entire understanding and agreement between the parties hereto with respect to all of the issues raised, or that could have been raised in the Adversary Proceeding regarding any Claims by the Trustee against Defendants, and any claims, if any, of Defendants against the Debtor or the Trustee. This Agreement cannot be changed, amended, modified, supplemented or altered except in writing executed by all of the Parties. The Parties acknowledge that there are no communications or oral understandings contrary to or different from this Agreement.

13. **Severability.** Except as otherwise set forth herein, if any clause, provision, or paragraph of this Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Agreement, and this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

14. **Choice of Law.** This Agreement is made and entered into within and shall be governed and controlled by, construed, interpreted and enforced in accordance with the laws of the state of Florida, to the extent state law is applicable, and the United States Bankruptcy Code, without regard to Florida's choice of law rules.

15. **Waiver.** The failure of the Trustee to demand from Defendants performance of any act under this Agreement shall not be construed as a waiver of the Trustee's right to demand, at any time, such performance. The failure of Defendants to demand from the Trustee performance of any act under this Agreement shall not be construed as a waiver of Defendants' right to demand, at any subsequent time, such performance.

16. **Jurisdiction.** The Parties agree that the United States Bankruptcy Court for the Southern District of Florida will retain exclusive jurisdiction to enforce and implement the terms and provisions of this Agreement and to otherwise resolve any disputes under or pertaining to this Settlement Agreement and the Parties consent and submit to the jurisdiction of the Bankruptcy Court, both personal and subject matter jurisdiction (including "core" jurisdiction), to adjudicate all such matters.

17. **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Settlement Agreement. In the

event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover his/her/its reasonable attorneys' fees and costs from the other.

18. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when read together with the signatures of those Parties signing other counterparts, shall be deemed to be a complete and original copy. Delivery of an executed signature page to this Agreement via facsimile or email (pdf) shall be effective as delivery of an originally executed signature page to this Agreement.

19. **Neutral Interpretation.** In the event a dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

20. **Authority.** Each of the Parties to this Agreement represents and warrants that it is duly authorized to execute and enter into this Settlement Agreement and that the person through whom each Party executes this Agreement is fully and duly empowered and authorized to execute it on the respective Party's behalf.

21. **Headings**. The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

22. **Effective Date.** This Agreement shall become effective on the date that the last Party signs this Agreement.

IN WITNESS WHEREOF, the Parties, have each caused this Agreement to be executed by themselves or by their duly authorized representatives on the dates set forth below with a full and complete understanding of the terms hereof.

ACKNOWLEDGEMENT:

David Lubin & Associations, PLLC

By: _[signature]_
Name: David Lubin
Its: Principal and Sole Manage Member

Date: 6/18/19

ACKNOWLEDGEMENT:

MARCIA T. DUNN, AS CHAPTER 7 TRUSTEE FOR BANKRUPTCY ESTATE OF SANOMEDICS, INC

By: _[signature]_ Trustee
Name: Marcia T. Dunn, Chapter 7 Trustee
Address: 66 West Flagler Street, Suite 400
         Miami, Florida 33130

Date: 6/17/19

David Lubin _[signature]_

Date: 6/18/19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

SANOMEDICS, INC. f/k/a                          Main Case No.: 16-21659-RAM
SANOMEDICS INTERNATIONAL                        Chapter 7
HOLDINGS, INC.

    Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION (1) FOR APPROVAL OF COMPROMISE
AND SETTLEMENT WITH DAVID LUBIN & ASSOCIATES, PLLC
AND DAVID LUBIN; (2) FOR ENTRY OF A BAR ORDER; AND
<u>(3) TO APPROVE PAYMENT OF CONTINGENCY FEE</u>**

**THIS CAUSE** came before the Court on _____, 2019, at _____ __.m., upon the Trustee's Motion (1) For Approval of Compromise and Settlement with David Lubin & Associates, PLLC and David Lubin; (2) For Entry of a Bar Order; and (3) to Approve Payment

**EXHIBIT B**

of Contingency Fee [ECF No. ____] ("*Motion*").[1] The Court has reviewed the Motion, considered the arguments of counsel and is otherwise duly advised in the premises.

In its Motion, the Trustee, on behalf of the Estate, seeks entry of an order barring certain claims against the Defendants as described in detail below (the "*Bar Order*"). The Court has noted that notice of the Motion and the request for a Bar Order was given to those potentially interested parties identified on the service list referenced in the Motion. The Court has reviewed and considered the Motion, any other submissions to this Court and provided an opportunity to be heard to all persons requesting to be heard. Accordingly, it is:

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Settlement is **APPROVED.**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and authority to enter this Order pursuant to 11 U.S.C. § 105(a).

4. The Defendants shall pay (or cause to be paid) $300,000 ("*Settlement Payment*") to the Trustee within 30 calendar days from this Order becoming final and non-appealable.

5. The Contingency Fee is approved. The Trustee is authorized and directed to make payment of the Contingency Fee without the need of further Court Order, promptly upon receipt of the Settlement Payment.

6. The form and means of the notice of the Bar Order and the Motion are determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order.

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

7.	The Court has been apprised of the negotiations that preceded the Stipulation and finds that the Motion and request for Bar Order is a result of arms'-length bargaining among the parties. There is no evidence that the settlement reached by the Trustee with the Defendants is the result of collusion among the Parties or that there has been any intent to prejudice any interested parties.

8.	The Court finds that entry of this Order is appropriate in order to achieve the finality and repose that is contemplated as a term of the proposed settlement and that good cause therefore exists for the entry of this Order, and is fair and equitable. *See In re U.S. Oil & Gas Litigation*, 967 F.2d 489, 495-96 (11th Cir. 1992); *Munford, Inc. v. Munford, Inc.*, 97 F.3d 449, 454-55 (11th Cir. 1996); *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991); *Eichenholtz v. Brennan*, 52 F.3d 478 (3d Cir. 1995).

9.	The following additional definitions apply to the provisions of this Order barring certain claims as set forth in paragraph 10 below:

	a)	"***Releasor***" or "***Releasors***" shall mean (1) all past or present creditors of the Debtor; and (2) all investors and interest holders of the Debtor.

	b)	"***Claims***" shall mean any obligations, causes of action, demands of any type that a party may presently have, may have or have had in the past, upon or by reason of any matter, cause or thing whatsoever, including without limitation any and all obligations, claims, causes of actions and demands of any kind whatsoever, at law or in equity, indirect, derivative, or direct, known or unknown, discovered or undiscovered.

10.	Releasors are permanently barred and enjoined from commencing, prosecuting, or asserting either directly or in any other capacity, against the Defendants, any Claims relating to the Debtor that any Releasor now has, ever had or may claim to have in the future; provided that

nothing in this Order shall enjoin, impair or delay any claims other than claims relating to the Claims in the Adversary Proceeding.

      11.      The Court retains jurisdiction to enforce or interpret this Order.

###

**Submitted By:**
Michael S. Budwick, Esq.
Florida Bar No. 938777
mbudwick@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Trustee*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Copies Furnished To:**
Michael S. Budwick, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

## Mailing Information for Case 16-21659-RAM

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Thomas L Abrams**    tabrams@tabramslaw.com, pryan@tabramslaw.com
- **David W Baddley**    baddleyd@sec.gov
- **Kalei McElroy Blair**    kmbpleadings@whhlaw.com, johnm@whhlaw.com
- **Michael S Budwick**    mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Orlando D Cabeza**    odcabeza@dldlawyers.com
- **Robert P. Charbonneau**    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **Michael R Dal Lago**    mike@dallagolaw.com, kim@dallagolaw.com
- **Marcia T Dunn**    mdunn@dunnlawpa.com, acastro@dunnlawpa.com;slebron@dunnlawpa.com;ecf.alert+dunn@titlexi.com
- **Michael P Dunn**    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com
- **Solomon B Genet**    sgenet@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;sgenet@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **John C German**    cody.german@csklegal.com, lisa.butts@csklegal.com
- **IPFS Corporation (Chandler)**    lisa.chandler@ipfs.com
- **Zachary N James**    zjames@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;zjames@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Robert L. Jennings**    hbrj@aol.com, service.rljpa@gmail.com
- **Richard M Jones**    jonesr@kgplp.com, montanem@kgplp.com;piersonj@kgplp.com;kleinr@kgplp.com;mclaughlinr@kgplp.com;lowej@kgplp.com
- **Steven C Jones**    steven.jones@wilsonelser.com, anna.nowakowska@wilsonelser.com;vivian.fusco@wilsonelser.com;EService.Miami@wilsonelser.com;alan.fiedel@wilsonelser.com
- **Robert M Klein**    kleinr@kgplp.com, montanem@kgplp.com;piersonj@kgplp.com;jonesr@kgplp.com
- **Niall T McLachlan**    nmclachlan@carltonfields.com, cguzman@carltonfields.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Matthew A Petrie**    map@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;map@ecf.inforuptcy.com;bankruptcy.ecc@ecf.courtdrive.com
- **Tomas A Pila**    pilalaw@bellsouth.net
- **Felipe Plechac-Diaz**    fpd@lsaslaw.com, fplechacdiaz@ecf.inforuptcy.com;zbs@lsaslaw.com;info@lsaslaw.com;ah@lsaslaw.com;receptionist@lsaslaw.com
- **Robert M Quinn**    rquinn@carltonfields.com, dlester@carltonfields.com;tpaecf@cfdom.net
- **Alexis S Read**    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- **Martin L Sandler**    martin@sandler-sandler.com
- **John S Sarrett**    jsarrett@sarrettlaw.com
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov
- **James D. Silver**    jsilver@kelleykronenberg.com, RAldama@kelleykronenberg.com;jsilver@kklaw.com
- **Sherri B. Simpson**    sbsecf@gmail.com, bklaw9999@gmail.com;bklaw99@aol.com;simpsonsr75198@notify.bestcase.com
- **Robert A. Stok**    service@stoklaw.com, rstok@stoklaw.com;dsuazo@stoklaw.com;jkon@stoklaw.com;rpassos@stoklaw.com;mvazquez@stoklaw.com;apasternak@stoklaw.com;sortiz@stoklaw.com;mbonn

**EXHIBIT 1**