**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

SANOMEDICS, INC. f/k/a                               Main Case No.: 16-21659-RAM
SANOMEDICS INTERNATIONAL                      Chapter 7
HOLDINGS, INC.

      Debtor.

_____/

**TRUSTEE'S MOTION TO APPROVE (1) STIPULATION TO**
**COMPROMISE CONTROVERSY WITH ZENCHARTS LLC, GLASER**
**HOLDINGS INC., CALLAHAN VENTURES LLC, HAPPY RECOVERY INC.,**
**RICHARD K. GLASER, SEAN J. CALLAHAN, and DANIEL J. CALLAHAN**
**AND (2) PAYMENT OF CONTINGENCY FEE**

MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of

SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC. (the

"Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure

9019 and Local Rule 9013-1(D), files this Motion to Approve (1) Stipulation to Compromise

Controversy; and (2) Payment of Contingency Fee (the "Motion"), and in support thereof, states

as follows:

## Background

1.     On August 24, 2016 (the "Petition Date"), the instant bankruptcy case was

commenced with the filing of an involuntary petition for relief under Chapter 11, Title 11 of the

United States Bankruptcy Code (the "Involuntary Case").

2.     On October 5, 2016, the Court entered an *Order for Relief in Involuntary Case*

[D.E. 6].

3.     On October 13, 2016, the Office of the United States Trustee filed an *Emergency*

*Motion to Convert or Dismiss Case and to Shorten Notice Pursuant to Rules 2002 and 9006* [D.E.

10], which was granted on October 28, 2016 pursuant to this Court's *Order Converting Case Under Chapter 11 to Case Under Chapter 7 and Shortening Notice Pursuant to Bankruptcy Rules 2002 and 9006* (the "Conversion Order") [D.E. 16].

4.      Subsequently, Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Estate [D.E. 17].

5.      On October 4, 2018, the Trustee filed an Adversary Complaint against *inter alia* ZENCHARTS LLC ("ZenCharts"), GLASER HOLDINGS INC. ("GHINC"), CALLAHAN VENTURES LLC, ("CVLLC"), HAPPY RECOVERY INC. ("Happy Recovery"), RICHARD K. GLASER ("Glaser"), SEAN J. CALLAHAN ("Sean"), and DANIEL J. CALLAHAN ("Dan") (hereinafter, collectively the "Defendants") under 11 U.S.C. §§ 544, 548, and 550, Fla. Stat. § 726, and for other relief under applicable non-bankruptcy federal and state law, in Adv. Pro. No. 18-01408-RAM (the "Adversary Proceeding"), seeking to avoid and recover a pre-petition fraudulent transfer allegedly to certain of the above Defendants, for declaratory relief deeming alter ego against ZenCharts, for declaratory relief for mere continuation and imposing successor liability on ZenCharts, for turnover of property of the estate from ZenCharts, for conversion against ZenCharts, for unjust enrichment against the Defendants, for breach of contract against Defendants, for breach of several fiduciary duties against certain of the Defendants, plus interest, attorneys' fees and costs, as specifically described in the Complaint [D.E. 8] and is incorporated by reference (the "Claims").

6.      The Defendants also raised certain counterclaims ("Counterclaims"), which the Trustee disputes.

7.      On November 19, 2018, the court entered an *Order Granting Trustee's (1) Motion to Modify Compensation Structure for Dunn Law, P.A and (2) Application to Employ Michael*

*Budwick and Meland Russin & Budwick, P.A. as Special Co-Counsel of Special Counsel* (the "Retention and Compensation Order") [D.E. 225].

8.    Dunn Law, P.A. ("DLPA") and Meland Russin & Budwick, P.A ("MR&B") as Litigation Co-Counsel have diligently prosecuted the Claims and have been in negotiations with THE DEFENDANTS.

### THE PROPOSED SETTLEMENT[1]

9.    The Trustee and Defendants (collectively, the "Parties") have determined that a compromise and settlement regarding the Transfers offers the best resolution for both Parties, and therefore is in the best interests of the Estate and all creditors.

10.    In order to avoid the high costs and inherent uncertainties of litigation related to the Claims and Transfers, the Parties, without admitting any fault or liability whatsoever to one another, have agreed to settle the Adversary Proceeding amicably as the most efficient way to settle all issues and disputes between the Parties. The details of the agreement are set forth in the Stipulation to Compromise Controversy (the "Stipulation"), attached hereto as **Exhibit "A."**

11.    In considering the circumstances and taking into account the nature of the disputes among the Parties and the associated risks, the Trustee believes the terms of the Stipulation are favorable to the Parties and the Estate.

12.    As more particularly set forth in the Settlement Agreement, subject to Bankruptcy Court approval, in exchange for the settlement payment as follows, in cleared funds by Defendants (the "Settlement Payment"), will be a full and final settlement between the Parties regarding the Claims, Counterclaims, and Transfers in the Adversary Proceeding.

---

[1] All parties in interest are urged to consult the Settlement Agreement, which is attached hereto as Exhibit "A," for a complete and accurate description of its terms.

13.     The Settlement Payment from the Defendants shall a total sum of <u>Three Hundred Thirty Thousand</u> dollars (<u>$330,000</u>) to the Trustee in full and final settlement of the Claims. The Settlement Payment shall be made to the Trustee on behalf of the Estate as follows:

   a.  One Hundred Twenty Thousand dollars ($120,000.00) (the "<u>Initial Payment</u>") within five (5) days after the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and Defendants; and

   b.  Thirty five (35) consecutive monthly installment payments of Six Thousand dollars ($6,000.00) ("<u>Monthly Installment Payments</u>") for a total of Two Hundred Ten Thousand dollars ($210,000.00) beginning on the first day of the first month following entry of final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and Defendants;

   c.  *Prepayment Option.* If Defendants (1) timely make all payments as they come due as described hereinabove and (2) make additional payments totaling Three Hundred Thousand dollars ($300,000.00) within two (2) years of the date of the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and Defendants, the Trustee shall release Defendants from the remaining balance of the Settlement Payment due in the amount of thirty thousand dollars ($30,000.00).

14.     Defendants will deliver the Settlement Payment in exchange for a release by the Trustee of the Claims against Defendants under the Adversary Proceeding

15.     Defendants shall dismiss and release the Counterclaims in the Adversary Proceeding.

16.     The proposed relief resolves the contested matters between the Parties expeditiously and cost effectively while also maximizing net recovery for the Estate.

17.     The Settlement Agreement constitutes the entire agreement by and between the Trustee and Defendants with respect to all issues raised, or that could have been raised, regarding the transfers stated in the Adversary Proceeding, and any claims of Defendants against the Estate, Debtor and/or the Trustee.

18.     The Parties agree that the order granting the instant Motion (the "<u>Approval Order</u>") shall provide for this Court to retain sole and exclusive personal and subject matter jurisdiction to: (a) implement, interpret and enforce the terms of this Motion, the Approval Order and the Settlement Agreement; and (b) resolve any claims, controversies or disputes amongst the Parties arising from or related to the relief sought in this Motion. The form of the Approval Order is attached hereto as **Exhibit "B,"** and incorporated herein by reference.

19.     The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

<u>**RELIEF REQUESTED**</u>

20.      Trustee seeks this Court's entry of an order:

a.     Approving the Stipulation on the terms and conditions set forth therein;

b.     Authorizing the Trustee to make certain disbursements for the respective contingency fees and costs of Trustee's counsel and special co-counsel, as delineated in this Court's Retention and Compensation Order.

c.     Pursuant to the Retention and Compensation Order, the Trustee seeks authority to disburse to DLPA and MRB contingency fees in accordance with DLPA's and MRB's respective twenty percent (20%) contingency fees as installment payments are received by the Trustee from the Defendants.

<u>**Legal Standard for Settlement**</u>

11.     Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Southern District of Florida permits *inter alia* relief without the need for a hearing.

12.     As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)). 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

13.     The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

14.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    a.  the probability of success in the litigation;

    b.  the difficulties, if any, to be encountered in the matter of collection;

    c.  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d.  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

15.    The Trustee believes that the proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with further litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

16.    In exercising its review under Bankruptcy Rule 9019, a bankruptcy court gives weight to a trustee's sound business judgment. *See, e.g., In re Southeast Banking Corp.*, 314 B.R. 250, 273 (noting a court gives "weight to the trustee's informed judgment" in considering a settlement under Bankruptcy Rule 9019); *see also In re Infotechnology, Inc*., 89 F.3d 825 (2d Cir. 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the trustee).

17.    The Trustee submits that the proposed Settlement Agreement overwhelmingly satisfies the *Justice Oaks* standard. The Trustee believes that the Estate would ultimately prevail on the Claims, but that the ultimate benefit to the universe of claimants would be muted as the Estate would significantly increase the administrative costs without any realizable benefit.

18.    Based on, among other things: (a) the facts and circumstances set forth above; and (b) the expense and uncertainty of litigation, the Trustee asserts that the Settlement Agreement meets the standards necessary for approval pursuant to Rule 9019, and therefore recommends approval of the proposed settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate.

19.    The Settlement Agreement, among other things: (a) precludes the Estate's risk and expense of continued litigation with The Defendants; (b) provides for the complete resolution of

the Claims; (c) provides the Trustee with an opportunity to efficiently settle issues with The Defendants on terms favorable to the Estate against a party capable of financing the costs of litigation; and (d) facilitates fair and equitable administration of the Estate.

20.     Without the Settlement, it is anticipated that any litigation between the Parties would be expensive and time-consuming. If a settlement was not reached, the Trustee would be forced to continue prosecuting the Adversary Proceeding against the Defendants. Indeed, the ultimate benefit to the creditors would diminish as any additional litigation would significantly increase the administrative costs incurred by the Estate and delay any potential recovery. The Parties agreed that the more efficient resolution would be to reach a global settlement agreement which include releases of the Defendants in exchange for payment of the Settlement Payment.

21.     Therefore, after full and careful consideration, the Trustee believes that the resolution set forth in the Settlement Agreement is in the best interest of the Estate and its creditors.

22.     Counsel for the Trustee and the Defendants have reviewed this Motion prior to its filing and agree and acknowledge, on behalf of their respective clients, that it contains the complete agreement of the Parties with respect to the subject matter addressed herein and shall be binding in all respects upon the Estate and the Defendants, subject to approval by the Bankruptcy Court.

**WHEREFORE**, MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC., respectfully requests this Honorable Court enter an Order in substantially the form attached hereto as **Exhibit "B"**: (1) granting the instant Motion; (2) approving the Settlement; (3) approving disbursements as reflected hereinabove and (4) granting such other and further relief as this Court deems just and proper.

Dated: June 28, 2019                    Respectfully Submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, as Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
michael.dunn@dunnlawpa.com

By:    */s/ Michael P. Dunn*
       Michael P. Dunn, Esq.
       Florida Bar No. 100705

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on June 28, 2019, via U.S. Mail to all parties on the attached Master Service List pursuant to Local Rule 2002-1 (I), Authority to Limit Service for Certain Chapter 7 Notices; and via CM/ECF electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, including:

- Thomas L Abrams    tabrams@tabramslaw.com, pryan@tabramslaw.com
- David W Baddley    baddleyd@sec.gov
- Kalei McElroy Blair    kmbpleadings@whhlaw.com, johnm@whhlaw.com
- Michael S Budwick    mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Orlando D Cabeza    odcabeza@dldlawyers.com
- Robert P. Charbonneau    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- Michael R Dal Lago    mike@dallagolaw.com, kim@dallagolaw.com
- Marcia T Dunn    mdunn@dunnlawpa.com, acastro@dunnlawpa.com;slebron@dunnlawpa.com;ecf.alert+dunn@titlexi.com
- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com

- Solomon B Genet    sgenet@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;sgenet@ecf.courtdrive.com;ltann
  enbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- John C German    cody.german@csklegal.com, lisa.butts@csklegal.com
- IPFS Corporation (Chandler)    lisa.chandler@ipfs.com
- Zachary N James    zjames@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;zjames@ecf.courtdrive.com;ltan
  nenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Robert L. Jennings    hbrj@aol.com, service.rljpa@gmail.com
- Richard M Jones    jonesr@kgplp.com,
  montanem@kgplp.com;piersonj@kgplp.com;kleinr@kgplp.com;mclaughlinr@kgplp.co
  m;lowej@kgplp.com
- Steven C Jones    steven.jones@wilsonelser.com,
  anna.nowakowska@wilsonelser.com;vivian.fusco@wilsonelser.com;EService.Miami@w
  ilsonelser.com;alan.fiedel@wilsonelser.com
- Robert M Klein    kleinr@kgplp.com,
  montanem@kgplp.com;piersonj@kgplp.com;jonesr@kgplp.com
- Niall T McLachlan    nmclachlan@carltonfields.com, cguzman@carltonfields.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Matthew A Petrie    map@agentislaw.com,
  nsocorro@agentislaw.com;bankruptcy@agentislaw.com;map@ecf.inforuptcy.com;bankr
  uptcy.ecc@ecf.courtdrive.com
- Tomas A Pila    pilalaw@bellsouth.net
- Felipe Plechac-Diaz    fpd@lsaslaw.com,
  fplechacdiaz@ecf.inforuptcy.com;zbs@lsaslaw.com;info@lsaslaw.com;ah@lsaslaw.com
  ;receptionist@lsaslaw.com
- Robert M Quinn    rquinn@carltonfields.com,
  dlester@carltonfields.com;tpaecf@cfdom.net
- Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Martin L Sandler    martin@sandler-sandler.com
- John S Sarrett    jsarrett@sarrettlaw.com
- Steven D Schneiderman    Steven.D.Schneiderman@usdoj.gov
- James D. Silver    jsilver@kelleykronenberg.com,
  RAldama@kelleykronenberg.com;jsilver@kklaw.com
- Sherri B. Simpson    sbsecf@gmail.com,
  bklaw9999@gmail.com;bklaw99@aol.com;simpsonsr75198@notify.bestcase.com
- Robert A. Stok    service@stoklaw.com,
  rstok@stoklaw.com;dsuazo@stoklaw.com;jkon@stoklaw.com;rpassos@stoklaw.com;mv
  azquez@stoklaw.com;apasternak@stoklaw.com;sortiz@stoklaw.com;mbonner@stoklaw.
  com;milich@stoklaw.com

By:    */s/ Michael P. Dunn*
Michael P. Dunn, Esq.
Florida Bar No. 100705

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

**U.S. Trustee:**
Office of The United States Trustee
51 SW First Avenue, Room 1204
Miami, FL 33130

**Debtor:**
Sanomedics, Inc.
c/o Alexis S. Read, Esq.
66 West Flagler Street, #400
Miami, FL 33130

**Trustee's Attorney:**
Marcia T. Dunn, Trustee
c/o Michael P. Dunn, Esq.
Dunn Law, P.A.
66 West Flagler Street, Suite 400
Miami, FL 33130

**Trustee's Special Attorney:**
Michael S. Budwick, Esquire
Solomon B. Genet, Esquire
Zachary N. James, Esquire Meland
Russin & Budwick, P.A. 3200
Southeast Financial Center 200
South Biscayne Boulevard Miami,
Florida  33131

**Secured Creditors:**
Mark R. Miklos
3647 Dr. MLK Jr. St.
Saint Petersburg, FL 33704

PositiveID Corp.
1690 S. Congress Ave,
Suite 201
Delray Beach, FL 33445

US Capital Partners, LLC
555 Montgomery St.
Ste. 1501
San Francisco, CA 94111

Vitacura, LLC
9858 Clint Moore Road
#111-295
Boca Raton, FL 33496

**20 Largest Unsecured Creditors:**
Andrew M. Schwartz, P.A.
4755 Technology Way, #103
Boca Raton, FL 33431

Anthony Maru
78 Saint Francis Wood Rd
Madison, CT 06443

Arrowood Peters, LLP, Attorneys at Law
10 Post Office Square
Boston, MA 02109

Butler Pappas
777 South Harbour Island Blvd, #500
Tampa, FL 33602

Devlin Law Firm, LLC
1306 N. Broon St
Suite 1
Wilmington, DE 19806

Dimond Kaplan-JMJ
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

Dimond Kaplan - Manhattan Transfer
14 Wall St
20th Floor
New York, NY 10005

Dimond Kaplan-Invacare
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

2

MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)

Dimond Kaplan-Miklos
2665 S. Bayshore Dr.
Penthouse 2B
Miami, FL 33133

James M. Schneider, Esq.
2200 NW Corporate Blvd
Suite 210
Boca Raton, FL 33431-7307

IOA Healthcare Furniture
829 Blair St.
Thomasville, NC 27360

KSR Publishing Inc
2477 Stickney Point Road
315B
Sarasota, FL 34231

Koutoulas & Relis, LLC
1776 N. Pine Island Road
Suite 316
Fort Lauderdale, FL 33322

Mallah Furman & Company, P.A.
1001 Brickell Bay Drive
Suite 1400
Miami, FL 33131-4938

Manhattan Transfer Registrar Company
57 Eastwood Rd
Miller Place, NY 11764

Marcum, LLP
750 3rd Avenue
11th Floor
New York, NY 10017

PR Newswire
350 Hudson Street
Suite 300
New York, NY 10014-4504

Parson Behle & Latimer
201 South Main Street
Suite 1800
Salt Lake City, UT 84111

Salberg & Company, P.A.
2295 NW Corporate Boulevard
#240
Boca Raton, FL 33431

Santana Byrd & Jaap, P.A.
211 S. Boulevard
Tampa, FL 33606

**United States and its agencies:**
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Services
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

**Manual Notice List:**
Walter Boone
188 East Capitol St #1400
Jackson, MS 39201

Michael S. Budwick
Meland Russin & Budwick
200 S. Biscayne Blvd.
Suite 3200
Miami, FL 33131

Keith J Houlihan
18008 Jazz Lane
Boca Raton, FL 33496

Hal Levenberg
2 S Biscayne Blvd.,Ste 2690
Miami, FL 33131

**MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)**

State of California Franchise Tax
Board POB 2952
Sacramento, CA 95812

### *EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

    SANOMEDICS, INC.                   Case No. 16-21659-RAM
                                             Chapter 7

    Debtor.
_____/

### STIPULATION AND SETTLEMENT AGREEMENT

    **THIS STIPULATION TO COMPROMISE CONTROVERSY AND SETTLEMENT AGREEMENT** (the "Settlement Agreement" or "Agreement") is entered on the dates stated below, by and among Marcia T. Dunn, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of SANOMEDICS, INC. f/k/a SANOMEDICS INTERNATIONAL HOLDINGS, INC. ("Estate"), and ZENCHARTS LLC ("ZenCharts"), GLASER HOLDINGS INC. ("GHINC"), CALLAHAN VENTURES LLC, ("CVLLC"), HAPPY RECOVERY INC. ("Happy Recovery"), RICHARD K. GLASER ("Glaser"), SEAN J. CALLAHAN ("Sean"), and DANIEL J. CALLAHAN ("Dan") (hereinafter, collectively the "Defendants") (collectively, the "Parties" and sometimes individually referred to as "Party"), and the Parties hereby stipulate under the following terms and conditions and agree as follows:

### RECITALS

    **WHEREAS**, On August 24, 2016 ("Petition Date"), this bankruptcy case was commenced with the filing of an involuntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code ("Involuntary Case"). On October 5, 2016, the Court entered an Order for Relief in the Involuntary Case [D.E. 6].

    **WHEREAS**, On October 13, 2016, the Office of the United States Trustee filed an Emergency Motion to Convert or Dismiss Case and to Shorten Notice Pursuant to Rules 2002 and 9006 [D.E. 10], which was granted on October 28, 2016 pursuant to this Court's Order Converting Case Under Chapter 11 to Case Under Chapter 7 and Shortening Notice Pursuant to Bankruptcy Rules 2002 and 9006 ("Conversion Order") [D.E. 16].

    **WHEREAS,** the Trustee was duly appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

    **WHEREAS,** on October 4, 2018, the Trustee initiated a lawsuit with various claims against the Defendants (the "Claims") as well against, amongst others, Keith J. Houlihan ("Houlihan"), Zen Medical, LLC ("Zen Medicial") and Vitacura, LLC (Vitacura"), in Adv. Pro. No. 18-01408-RAM (the "Adversary Proceeding").

    **WHEREAS**, on November 28, 2018, the Clerk of the Court entered an Entry of Default against Houlihan [Adversary Proceeding D.E. 17].

    **WHEREAS**, on January 11, 2019, the Trustee obtained a Default Final Judgment against Vitacura [Adversary Proceeding D.E. 38], wherein the Court found that Vitacura and all of its assets are property of the

Estate, subject to administration by the Trustee, including, without limitation any and all claims, right, title or interest that Vitacura may have in and to ZenCharts.

**WHEREAS**, on January 11, 2019, the Trustee obtained a Default Final Judgment against Zen Medical [Adversary Proceeding D.E. 40], wherein the Court found that Zen Medical and all of its assets are property of the Estate, subject to administration by the Trustee, including, without limitation any and all claims, right, title or interest that Zen Medical may have in and to ZenCharts.

**WHEREAS**, on February 1, 2019, the Defendants filed certain counterclaims against the Trustee (the "Counterclaims").

**WHEREAS,** the Trustee's Claims make various factual allegations which Defendants dispute, and Defendants' Counterclaims make various allegations, which the Trustee disputes, but the Parties wish to resolve the disputes between them as set forth herein.

**WHEREAS,** in order to avoid the high costs and inherent uncertainties of litigation related to the Claims, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle the Adversary Proceeding amicably, have participated in good faith settlement negotiations, agree that resolution of the contested matters herein is the most efficient way to settle all issues and disputes between the Parties in the Adversary Proceeding, and have reached a settlement, the terms of which they have set forth in this Agreement.

**NOW THEREFORE**, in consideration of the premises, and for such other good and valuable consideration, the receipt and sufficiency of which hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree that the forgoing recitals are true and correct statements of fact and incorporated into this Agreement, and further stipulate and agree as follows:

1. **Incorporation of Recitals.** The Parties agree that the above recitals are true and correct, and are incorporated into this Agreement.

2. **Covenants.**

    a) Defendants agree to pay the total sum of Three Hundred Thirty Thousand dollars ($330,000) (the "Settlement Payment") to the Trustee in full and final settlement of the Claims, redemption of any right title or interest in ZenCharts and the transfer of any right title or interest in the ZenCharts EHR system (the "ZenCharts® System") and any trademarks associated with the ZenCharts® System (the "Trademarks"), to the extent the Parties have said rights and/or interests to allow for redemption of any right title or interest in ZenCharts and assignment of the ZenCharts® System and Trademarks. The Defendants are each responsible for making the Settlement Payment, and the Defendants shall cause the Settlement Payment to be made to the Trustee on behalf of the Estate as follows:

        i. One Hundred Twenty Thousand dollars ($120,000.00) (the "Initial Payment") within five (5) calendar days after the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and Defendants;

        ii. Thirty five (35) consecutive monthly installment payments of Six Thousand dollars ($6,000.00) ("Monthly Installment Payments") for a total of Two Hundred Ten

        Thousand dollars ($210,000.00) beginning on the first day of the first month following entry of final and non-appealable order by the Bankruptcy Court approving this Agreement between the Trustee and Defendants;

    iii.   *Prepayment Option.* If Defendants (1) timely make all payments as they come due as described hereinabove and (2) make additional payments so that the aggregate of all payments total Three Hundred Thousand dollars ($300,000.00) within two (2) years of the date of the entry of a final and non-appealable order by the Bankruptcy Court approving this Agreement, the Trustee shall release the Defendants from the remaining balance of the Settlement Payment (thirty thousand dollars ($30,000.00)); and

    iv.   The Settlement Payment is part of the consideration for this Agreement and the terms herein, including, but not limited to, the release set forth in Section 4.

    v.   All of the Defendants shall be jointly and severally liable for the Settlement Payment.

b)  The Settlement Payment set forth in Section 2(a) above will be in the form of a check, cashier's check, wire transfer or other form of immediately available funds, made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 66 West Flagler Street, Suite 400, Miami, FL 33130 no later than the date that payment is due. The Trustee will provide the Defendants (through counsel) with wire instructions upon request. The check or money order should clearly state the name of the Debtor and the Debtor's case number.

c)  The Order approving this Agreement shall be self-operative as to the redemption and transfer of any right title or interest in ZenCharts and the transfer of any right title or interest in ZenCharts® System and the Trademarks which the Trustee and Estate have, so long as the Defendants fully perform under the terms of this Agreement.

3.  **Security Interest and Defendants' Cooperation.** To secure the Settlement Payment, the Defendants grant security interests in any and all assets of the Defendants, including but not limited to stock or membership interests in the Defendant entities and all real and/or personal and/or intellectual property of each of the Defendants. Defendants agree that the Trustee may take any and all actions to perfect these security interests, and agree to promptly take any all actions, including but not limited to executing any and all documents deemed necessary by the Trustee, to perfect these security interests upon the Trustee's request.

4.  **Confidential Information**.  Pursuant to the terms of the Stipulated Protective Order (the "Protective Order") [D.E. 152], upon approval of this Agreement, the Trustee shall return or destroy all Confidential Information and Confidential – Trustee Eyes Only (as those terms are defined in the Protective Order) and/or render reasonably inaccessible. .

5.  **Bankruptcy Court Approval.** This Agreement is subject to and contingent upon approval of the United States Bankruptcy Court pursuant to Fed.R.Bankr.P. 9019. The Trustee agrees to promptly file such stipulations and motions to compromise as required by the Court and to obtain any such approvals.  The Adversary Proceeding shall be dismissed with prejudice by the Trustee, and

Counterclaims dismissed with prejudice by the Defendants, with each side to bear its own attorneys' fees and costs, after approval of this Agreement by the Bankruptcy Court in the Bankruptcy Case and timely receipt and clearance of the Initial Payment by Defendants. Should the Bankruptcy Court deny approval of the settlement contained within this Agreement, this Agreement shall be null and void.

6. **Releases.**

   a) For purposes of this paragraph, the term "Released Claims" means any obligations, claims (including those arising under section 502(h) of the Bankruptcy Code), causes of action, or demands of any type that a Party may presently have, may have or have had in the past, upon or by reason of any matter, cause or thing whatsoever, including without limitation any and all obligations, claims, causes of actions, and demands of any kind whatsoever, at law or in equity, indirect, derivative, or direct, known or unknown, discovered or undiscovered.

   b) Except as specifically set forth herein, upon approval of this Agreement by final and non-appealable order of the Bankruptcy Court, the Trustee, on behalf of the Estate only, waives and releases, now and forever, Defendants from any and all Released Claims that the Estate has ever had, now has, or may have against Defendants, and waives, releases and holds harmless, now and forever, all and each of Defendants' and their current and former employees, contractors, officers, and directors, and each of their respective spouses, heirs, executors, agents, affiliates and assigns from any and all Released Claims that the Trustee has ever had, now has, or may have against them, that relate in any way to the Adversary Proceeding; *provided, however,* that nothing herein will be deemed to release, waive, or otherwise limit any rights, judgments, or obligations arising out of this Agreement or waive, impair or impact any claims the Trustee may have against any other parties other than Defendants including any alleged consecutive or concurrent tortfeasors.

   c) Upon approval of this Agreement by final and non-appealable order of the Bankruptcy Court, Defendants and their current and former employers, contractors, officers, and directors, and each of their respective spouses, heirs, executors, agents, affiliates, and assisgns, waive and release, now and forever, the Trustee and Estate from any and all Released Claims that Defendants have ever had, now has, or may have against the Trustee and the Estate, and waives, releases and holds harmless, now and forever, all and each of the Trustee's current and former employees, officers and directors, and each of their respective spouses, heirs, executors and assigns from any and all Released Claims that Defendants have ever had, now have, or may have against them; *provided, however*, that this provision does not release, waive, or otherwise limit any rights or obligations arising out of this Agreement.

7. **Default.** If the Defendants fail to timely make the Initial Payment or any of the Monthly Installment Payments, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to Defendants by e-mail and U.S. Mail (as set forth in ¶7 below) (all of which Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide three (3) business days from the date of such notice to cure the default. Should Defendants fail to cure the default within the period referenced above, and the Trustee may seek and obtain, without objection by Defendants, the entry of a default final judgment against Defendants in the full amount of the Settlement Payment less any payments previously

received by the Trustee. In addition, the Trustee shall be entitled to interest, which shall accrue at the maximum allowable rate under law, attorneys' fees and costs. The Defendants' sole permitted defense shall be "payment" – all other defenses are waived, released, and of no force and effect.

8. **Notices.** All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

<table>
<tr><td>**Trustee:**</td><td>Marcia T. Dunn, Trustee<br>c/o Michael P. Dunn, Esq.<br>michael.dunn@dunnlawpa.com<br>Dunn Law, P.A.<br>66 West Flagler Street, Suite 400<br>Miami, Florida 33130</td></tr>
<tr><td></td><td>And</td></tr>
<tr><td></td><td>Michael S. Budwick, Esq.<br>mbudwick@melandrussin.com<br>Meland, Russin & Budwick, P.A.<br>200 S. Biscayne Blvd., Suite 3200<br>Miami, Florida 33131<br>*Counsel for Trustee*</td></tr>
<tr><td>**Defendants:**</td><td>John S. Sarrett, Esq.<br>jsarrett@sarrettlaw.com<br>John S. Sarrett, P.A.<br>999 Vanderbilt Beach Road<br>Suite 200<br>Naples, Florida 34108<br>*Counsel for Defendants*</td></tr>
</table>

9. **Advice of Counsel.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Agreement is in the best interests of the Parties. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement, that they have read this agreement, have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the agreement, and understand the terms and provisions of this agreement. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party. The Parties confirm by their signatures to this Agreement that they have been fully advised by independent counsel with respect to the terms of this Agreement and execute it voluntarily and with full knowledge of its terms and conditions.

10. **Further Assurances.** The Parties shall cooperate in the consummation of the Settlement Agreement and in preparation and execution of any and all documents necessary to carry out the intent and purpose of this Agreement.

11. **No Admission.**  This Agreement shall not be construed against either Party as an admission of liability or concession of any matters, except as to those specific agreements contained herein. Each of the Parties understands and agrees that this Agreement and the settlement provided for herein are intended to compromise disputed claims and defenses, to avoid litigation, and that this Agreement, and the settlement provided for herein, shall not be construed or viewed as an admission by any Party of any liability or wrongdoing, such liability being expressly denied.

12. **Successors and Assigns.**  The provisions of this Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective successors and assigns of each party, including any successor trustee if this case is converted to a case under any other chapter of the Bankruptcy Code. This Agreement is not intended to confer any rights on individuals not Parties hereto. The Trustee's rights hereunder shall be assignable, after providing notice (as set forth below) and obtaining Court approval.  In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition and obtain Court approval of such assignment.  To the extent the Trustee intends to assign any right or interest herein, the Defendants may object to such assignment and/or outbid said offer and any proposed assignment.

13. **Integration.**  This Agreement represents the entire understanding and agreement between the Parties hereto with respect to all of the issues raised, or that could have been raised in the Adversary Proceeding regarding any Claims by the Trustee against DEFENDANTS, and any claims, if any, of DEFENDANTS against the Debtor or the Trustee.  This Agreement cannot be changed, amended, modified, supplemented or altered except in writing executed by all of the Parties. The Parties acknowledge that there are no communications or oral understandings contrary to or different from this Agreement.

14. **Severability.**  Except as otherwise set forth herein, if any clause, provision, or paragraph of this Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Agreement, and this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

15. **Choice of Law.**  This Agreement is made and entered into within and shall be governed and controlled by, construed, interpreted and enforced in accordance with the laws of the state of Florida, to the extent state law is applicable, and the United States Bankruptcy Code, without regard to Florida's choice of law rules.

16. **Waiver.**  The failure of the Trustee to demand from DEFENDANTS performance of any act under this Agreement shall not be construed as a waiver of the Trustee's right to demand, at any time, such performance.  The failure of DEFENDANTS to demand from the Trustee performance of any act under this Agreement shall not be construed as a waiver of DEFENDANTS's right to demand, at any subsequent time, such performance.

17. **Jurisdiction.**  The Parties agree that the United States Bankruptcy Court for the Southern District of Florida will retain exclusive jurisdiction to enforce and implement the terms and provisions of this Agreement and to otherwise resolve any disputes under or pertaining to this Settlement Agreement and the Parties consent and submit to the jurisdiction of the Bankruptcy Court, both personal and subject matter jurisdiction (including "core" jurisdiction), to adjudicate all such matters.

18. **Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Settlement Agreement.  In the event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover his/her/its reasonable attorneys' fees and costs from the other at trial and appellate levels.

19. **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which, when read together with the signatures of those Parties signing other counterparts, shall be deemed to be a complete and original copy.  Delivery of an executed signature page to this Agreement via facsimile or email (pdf) shall be effective as delivery of an originally executed signature page to this Agreement.

20. **Neutral Interpretation.**  In the event a dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

21. **Authority.**  Each of the Parties to this Agreement represents and warrants that they are duly authorized to execute and enter into this Settlement Agreement and that the person through whom each Party executes this Agreement is fully and duly empowered and authorized to execute it on the respective Party's behalf.

22. **Headings**.  The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

23. **Effective Date.**  This Agreement shall become effective on the date that the last Party signs this Agreement.

    **IN WITNESS WHEREOF**, the Parties, have each caused this Agreement to be executed by themselves or by their duly authorized representatives on the dates set forth below with a full and complete understanding of the terms hereof.

ACKNOWLEDGEMENT:

MARCIA T. DUNN, AS CHAPTER 7
TRUSTEE FOR BANKRUPTCY ESTATE
OF SANOMEDICS, INC

By: _____
Name: ___Marcia T. Dunn, Chapter 7 Trustee
Address: 66 West Flagler Street, Suite 400
         Miami, Florida 33130

Date: ___6/25/19_____

ACKNOWLEDGEMENT:

ZENCHARTS LLC

By: _____

Name: _____

Its: _____

Address: _____

Date: _____

**ACKNOWLEDGEMENT:**

GLASER HOLDINGS INC.

By: _____

Name: _____Richard Glaser_____

Its: _____CEO_____

Address: 7777 Glades Road, Suite 100, Boca Raton, FL

Date: _____6/24/2019_____

**ACKNOWLEDGEMENT:**

HAPPY RECOVERY INC.

By: _____

Name: _____

Its: _____

Address: _____

Date: _____

**ACKNOWLEDGEMENT:**

SEAN J. CALLAHAN

By: _____

Address: 22472 Labrador St
Boca Raton, FL, 33428

Date: 6/24/2019

**ACKNOWLEDGEMENT:**

CALLAHAN VENTURES LLC

By: _____

Name: Sean Callahan

Its: Managing Member

Address: 22472 Labrador St, Boca Raton, FL 33428

Date: 6/24/2019

**ACKNOWLEDGEMENT:**

RICHARD K. GLASER

By: _____

Address: 7777 Glades Road, Suite 100, Boca Raton, FL

Date: _____6/24/2019_____

**ACKNOWLEDGEMENT:**

DANIEL J. CALLAHAN

By: _____

Address: _____

Date: _____

ACKNOWLEDGEMENT:

GLASER HOLDINGS INC.

By: _____

Name: _____

Its: _____

Address: _____

Date: _____

ACKNOWLEDGEMENT:

HAPPY RECOVERY INC.

By: _____

Name: Daniel J. Callahan

Its: President.

Address: 18070 S Tamiami Trail Ft Myers FL. 33908

Date: 6/14/19

ACKNOWLEDGEMENT:

SEAN J. CALLAHAN

By: _____

Address: _____

Date: _____

ACKNOWLEDGEMENT:

CALLAHAN VENTURES LLC

By: _____

Name: _____

Its: _____

Address: _____

Date: _____

ACKNOWLEDGEMENT:

RICHARD K. GLASER

By: _____

Address: _____

Date: _____

ACKNOWLEDGEMENT:

DANIEL J. CALLAHAN

By: _____

Address: 9360 Bradley Terrace Ft Myu FL 33467

Date: 6 - 14 - 19

*EXHIBIT "B"*
**[PROPOSED ORDER]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

SANOMEDICS, INC. f/k/a                         Main Case No.: 16-21659-RAM
SANOMEDICS INTERNATIONAL              Chapter 7
HOLDINGS, INC.

      Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE (1) STIPULATION TO**
**COMPROMISE CONTROVERSY WITH ZENCHARTS LLC, GLASER**
**HOLDINGS INC., CALLAHAN VENTURES LLC, HAPPY RECOVERY INC.,**
**RICHARD K. GLASER, SEAN J. CALLAHAN, and DANIEL J. CALLAHAN**
**AND (2) PAYMENT OF CONTINGENCY FEE**

**THIS CAUSE** came before the Court on _____, upon Chapter 7 Trustee,

Marcia T. Dunn's ("Trustee") *Motion to Approve (1) Stipulation to Compromise Controversy With*

*Zencharts Llc, Glaser Holdings Inc., Callahan Ventures Llc, Happy Recovery Inc., Richard K.*

*Glaser, Sean J. Callahan, And Daniel J. Callahan; And (2) Payment of Contingency Fee* (the

"Motion") [D.E. __][1], and the Court, having reviewed the file, and the Motion; and the movant, by

submitting this form of order, having represented that the motion was served on all parties required

by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no

_____

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the
Settlement Motion [D.E. __].

one has filed, or served on the movant, a response to the motion, and further finding that the settlement that is the subject of the Motion meets the criteria set forth in *In re Justice Oaks II Ltd*., 898 F.2d 1544 (11th Cir. 1990), and thus is in the best interests of this Estate; and for good cause having been shown, does hereby:

   **ORDER and ADJUDGE** that:

   1.    The Motion is **GRANTED.**

   2.    The proposed settlement between the Trustee and ZENCHARTS LLC ("ZenCharts"), GLASER HOLDINGS INC. ("GHINC"), CALLAHAN VENTURES LLC, ("CVLLC"), HAPPY RECOVERY INC. ("Happy Recovery"), RICHARD K. GLASER ("Glaser"), SEAN J. CALLAHAN ("Sean"), and DANIEL J. CALLAHAN ("Dan") is approved on the terms and conditions set forth in the Settlement Agreement and Settlement Motion, which terms and conditions are incorporated herein by reference (the "Agreement").

   3.    The Trustee is authorized to execute any and all documents necessary to complete the Settlement.

   4.    The Trustee is authorized to make disbursements pursuant to the Retention and Compensation Order, to DLPA and MRB, as contingency fees in accordance with DLPA's and MRB's respective twenty percent (20%) contingency fees as installments of the Settlement Payment are received by the Trustee

   5.    The Court retains sole and exclusive jurisdiction to: (a) implement, interpret and enforce the terms of the Settlement Motion, this Order and the Agreement; and (b) resolve any claims, controversies or disputes amongst the parties arising from or related to the Agreement and the relief authorized herein.

#        #        #

Submitted by:
Michael P. Dunn, Esq.

2

Florida Bar No. 100705
DUNN LAW, P.A.
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866 | Fax: 786-260-0269
michael.dunn@dunnlawpa.com

*Attorney Dunn is directed to serve copies of this Order upon all parties of record, and to file a Certificate of Service with the Court confirming such service.*