

ORDERED in the Southern District of Florida on November 27, 2023.

Robert A. Mark, Judge
United States Bankruptcy Court
_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                               CASE NO. 16-21659-RAM
                                                     CHAPTER 7
SANOMEDICS, INC.,

    Debtor.
_____/

## ORDER OVERRULING OBJECTIONS
## TO THE TRUSTEE'S FINAL REPORT

The Court held a hearing on November 16, 2023 on the following matters:

A. Notice of Amended Trustee's Final Report and Applications for Compensation and Deadline to Object [DE# 478] (the "Notice of Final Report") filed by Marcia T. Dunn, as Chapter 7 Trustee (the "Trustee");

B. Letter construed as an Objection to the Final Report and Motion to File Untimely Proof of Claim [DE# 479] filed by Nathan Boyer, an alleged investor of the Debtor;

C. Letter construed as an Objection to the Final Report and Motion to File Untimely Proof of Claim [DE# 482] filed by Dan Truckey, an alleged investor of the Debtor;

D. Letter construed as an Objection to the Final Report and Motion to File Untimely Proof of Claim [DE# 487] filed by Curtis Ross, an alleged investor of the Debtor;

1

E.  Motion to Request Permission to File Proof of Claim After Deadline [DE# 491] filed by Peter Creelman, an alleged investor of the Debtor;

F.  Letter construed as an Objection to the Final Report and Motion to File Untimely Proof of Claim [DE# 492] filed by David DeBlauw;[1] and

G.  Letter construed as an Objection to the Final Report [DE# 494] filed by Curtis Ross;

H.  Ore Tenus Motion to Amend Timely Filed Claim by Franco Cesta, an alleged investor of the Debtor;

I.  Ore Tenus Motion to File Untimely Claim by Ed Murray, an alleged investor of the Debtor;

J.  Ore Tenus Motion to File Untimely Claim by William Barth, an alleged investor of the Debtor;

K.  Ore Tenus Motion to File Untimely Claim by Mary Ann Blood, daughter of Wendell David Schutt, who was an alleged investor in the Debtor and now deceased; and

L.  Ore Tenus Motion to File Untimely Claim by Lisa Ferrera, daughter of Donald Ferrera, who was an alleged investor in the Debtor and now deceased.

Nathan Boyer, Dan Truckey, Curtis Ross, Peter Creelman, David DeBlauw, Franco Cesta, Ed Murray, William Barth, Wendell David Schutt, and Donald Ferrera are collectively referred to as the "Objecting Creditors." The following parties appeared at the November 16th hearing:

A.  Counsel for the Trustee;

B.  Counsel for the U.S. Trustee;

C.  Nathan Boyer;

D.  Dan Truckey;

E.  Curtis Ross;

---

[1] Mr. DeBlauw's objection was not set for hearing on November 16th, and Mr. DeBlauw did not appear at the November 16th hearing. In his objection, Mr. DeBlauw states that he invested $8,000 in the Debtor but that he never filed a proof of claim in this case. Mr. DeBlauw is listed on the mailing matrix and received notice of the 341 Meeting Notice and the Bar Date Order (both terms defined later in this Order). *See* Certificate of Service, DE# 305. Therefore, the Court does not find it necessary to set Mr. DeBlauw's objection for hearing based on the statements in his objection and the Court's conclusions in this Order on similar objections.

2

    F.  Peter Creelman;

    G.  Franco Cesta;

    H.  Ed Murray;

    I.  William Barth;

    J.  Denise Andrews;[2]

    K.  Mary Ann Blood, on behalf of her late father, Wendell David Schutt; and

    L.  Lisa Ferrera, on behalf of her late father, Donald Ferrera.

## Facts and Procedural History

On August 24, 2016 (the "Petition Date"), three creditors filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code against Sanomedics, Inc. (the "Debtor"). On October 5, 2016, the Court entered an Order for Relief [DE# 6]. On October 28, 2016, the Court entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7 [DE# 16]. Thereafter, the Trustee was appointed.

On March 9, 2017, the Clerk of this Court entered the Notice of Chapter 7 Bankruptcy Case – Proof of Claim Deadline Set [DE# 63] (the "341 Meeting Notice"), which set an initial deadline of July 3, 2017 for creditors to file proofs of claim (the "Claims Bar Date").

However, in April 2019, the Trustee received a spreadsheet depicting the current and historical list of the Debtor's shareholders (the "Potential Claimants") from Manhattan Transfer Registrar Company ("MTRC"), who provided services to the Debtor prior to the Petition Date, including but not limited to tracking, recording, and maintaining the official shareholders registrar and ownership records. The information provided by MTCR to the Trustee listed 1,693 Potential Claimants. Accordingly, on April 26, 2019, the Trustee filed an Amended Schedule E/F [DE# 265], adding the Potential Claimants to the Debtor's

---

[2] Ms. Andrews registered for the November 16th hearing via Zoom, but the Court does not recall whether she made an appearance. She did not present argument at the hearing.

3

schedule of unsecured creditors, and requested that the Court reset the Claims Bar Date for the Potential Claimants to receive sufficient notice and an opportunity to file proofs of claim [DE# 266].

On June 24, 2019, the Court entered its Order Granting Chapter 7 Trustee's Motion to (I) Reset the Claims Bar Date, and (II) Establish Notice Procedures [DE# 292] (the "Bar Date Order"). The Bar Date Order reset the Claims Bar Date to September 23, 2019 and directed the Trustee to serve copies of the Order for Relief, the 341 Meeting Notice, Amended Schedule E/F, and the Bar Date Order on all creditors, including the Potential Claimants.

On July 9, 2019, the Trustee filed a Certificate of Service [DE# 305], certifying that copies of the 341 Meeting Notice and the Bar Date Order were served via first class U.S. mail on all parties on an attached mailing matrix. Importantly, the mailing matrix included each of the Objecting Creditors.

Over four years later, after successfully bringing significant assets into the estate, the Trustee filed the Amended Trustee's Final Report [DE# 477] (the "Final Report") and the Notice of Final Report [DE# 478], which proposes final distributions to fully administer and close this case. In the Final Report and the Notice of Final Report, the Trustee reports that the estate currently holds $658,102.21. After payment of proposed chapter 7 administrative expenses totaling $180,945.29 and payment of unsecured priority claims totaling $3,665.13, the Trustee proposes to distribute the remaining $473,491.79 pro rata to timely filed and allowed general unsecured claims. The amount of timely filed allowed general unsecured claims total $4,477,175.94, so the $473,491.79 distribution represents a 10.576% dividend.

Attached to the Notice of Final Report is the Trustee's certificate of service certifying that the Notice of Final Report was served via U.S. Mail on October 2, 2023 on the mailing matrix, including the Objecting Creditors.

On October 25, 2023, the Clerk of the Court issued a notice of hearing [DE# 480], setting a hearing on November 16, 2023 on Dan Truckey's Objection to the Notice of Final Report. On October 27, 2023, the Bankruptcy Noticing Center filed a certificate of service [DE# 485], certifying that notice of the November 16th hearing on the Notice of Final Report was served via first class U.S. Mail on the mailing matrix, including the Objecting Creditors. On November 1st and November 15th, the Clerk issued notices of hearing on the Ross Objection and the Creelman Objection. *See* DE#s 488 and 493. Only three of the above-listed objections were formally noticed for hearing. However, at the November 16th hearing, the Court considered all the written objections and *ore tenus* objections and requests for additional time to file proofs of claim.

The November 16th hearing was not set as an evidentiary hearing. However, the Court gave each of the Objecting Creditors who attended the hearing an opportunity to describe the facts that they believed would justify allowing them to file late claims and participate in the distribution to unsecured creditors. Generally, the Objecting Creditors who spoke at the hearing provided explanations for failing to file a proof of claim by the extended Claims Bar Date that, at best, might establish excusable neglect.[3]

For example, Mr. Truckey said that he was working with the Department of Justice, apparently in pursuit of a restitution claim in a criminal case against one of the Debtor's principals and did not realize that he also needed to file a proof of claim in this bankruptcy

---

[3] Mr. Cesta did file timely proof of claim No. 83 but appeared at the November 16th hearing seeking to amend his claim to assert a higher amount.

5

case. Similarly, Mr. Boyer stated that he had submitted a restitution claim in a federal criminal case against one of the Debtor's principals, and when he received the Bar Date Order he assumed that it was the same case so he didn't file anything further. Mr. Ross did not dispute that he received the Bar Date Order but said he just didn't see it.[4] Mr. Barth likewise did not dispute that he received the Bar Date Order but said he didn't know what to do or who to communicate with. Ms. Ferrera acknowledged that the Bar Date Order was sent to her late father's address where her mother resided but said that her mother did not give the Bar Date Order to her until recently. Mr. Creelman also acknowledged that he received the Bar Date Order but said that he left on a trip shortly thereafter and, through oversight, failed to file a proof of claim when he returned home.

It does appear that each of the Objecting Creditors had potential claims based on investments like the investments that supported the claims allowed in this case. Unfortunately, as a matter of law, the Objecting Creditors cannot share in the distribution because, as discussed below, their failure to file claims can be remedied only if notice was insufficient and that is not the case for any of them.

## Analysis

At the November 16th hearing, the Trustee argued that the more relaxed "excusable neglect" standard of Rule 9006(b)(1) does not apply to this case because Rule 9006(b)(3) specifically excludes Rule 3002(c) from Rule 9006(b)(1)'s application. Rule 9006(b)(1) allows a bankruptcy court to retroactively enlarge any time period established under the Bankruptcy Rules when a party can show that its failure to act within the prescribed time was the result of excusable neglect. However, Rule 9006(b)(1) is subject to the exception

---

[4] In a filing following the November 16th hearing [DE# 496], Mr. Ross concedes that he did in fact receive copies of the 341 Meeting Notice and the Bar Date Order.

6

stated in Rule 9006(b)(3), which provides, in relevant part, that "[t]he Court may enlarge the time for taking action under Rule[] . . . 3002(c) . . . only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3). Rule 3002(c) does not include an excusable neglect standard for extension of the Claims Bar Date. This interpretation of the Rules is not subject to any serious debate. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 n.4 (1993) ("The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases."); *In re Virginia Marty*, Case No. 14-12555-RAM, 2014 Bankr. LEXIS 5194 at **2-3 (Bankr. S.D. Fla. 2014). In short, the "excusable neglect" standard of Rule 9006(b)(1) does not apply to the relief sought by the Objecting Creditors. The Court can grant the Objecting Creditors an extension of time to file proofs of claim only if an extension is permitted under Rule 3002.

Rule 3002(c) governs the time limits for filing proofs of claim in cases filed under chapter 7 of the Bankruptcy Code. Specifically, Rule 3002(c) provides, in relevant part:

> In an involuntary chapter 7 case, a proof of claim is timely filed if it is filed not later than 90 days after the order for relief under that chapter is entered. But in all [] cases, the following exceptions apply:
>
> …
>
> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Fed. R. Bankr. P. 3002(c)(6). Thus, the Court may extend the time for the Objecting Creditors to file proofs of claim if the Court finds that notice of the Bar Date Order was insufficient under the circumstances to give the Objecting Creditors a reasonable time to file a proof of claim. As described earlier, the Objecting Creditors received sufficient notice of

7

the Bar Date Order.  Indeed, the Trustee used the same mailing matrix to serve the Notice of Final Report on October 2, 2023, and the Bankruptcy Noticing Center used the same mailing matrix to serve notice of the November 16th hearing on the Objecting Creditors on October 2, 2023 and October 27, 2023, respectively.  And we know that the Objecting Creditors received these notices, or they would not have filed their written objections or requests for additional time or appeared at the November 16th hearing.  Therefore, the Court finds that notice of the Bar Date Order was sufficient under the circumstances to give the Objecting Creditors reasonable time to file a proof of claim. As such, under Rule 3002(c), the Court cannot further extend the Claims Bar Date for any of the Objecting Creditors.

Section 502(b) of the Bankruptcy Code provides claimants who file late claims an opportunity to share in distributions with claimants who filed timely claims, but that section provides no relief to the Objecting Creditors.  Specifically, § 502(b)(9) provides that tardily filed claims may share in the distributions as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure[.]"  Thus, section 502(b)(9), through nested exceptions and a cross-reference to section 726(a)(2)(C), permits allowance of tardily-filed claims in chapter 7 cases when "the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim; and proof of such claim is filed in time to permit payment of such claim[.]" 11 U.S.C. § 726(a)(2)(C)(i)-(ii).  In other words, under section 726(a)(2)(C), an unsecured creditor who is without notice and actual knowledge of the case is not penalized for tardily filing its proof of claim, as long as the claim is filed in time to permit payment of such claim.  These provisions are of no help to the Objecting Creditors.  First, none of the Objecting

Creditors filed a proof of claim and section 726(a)(2)(C) only applies to tardily filed claims.[5] More importantly, as discussed above, the Objecting Creditors received notice and had actual knowledge of this case. Accordingly, section 726(a)(2)(C) provides no basis for the Objecting Creditors to be included in the Trustee's proposed pro rata distribution.

## Conclusion

The result here may appear harsh to the Objecting Creditors. After all, when this case began, they had the same rights as the creditors who will be receiving a distribution. But deadlines matter in bankruptcy cases. The Objecting Creditors failed to timely file proofs of claim despite receiving notice of the deadline and there is no legal basis to allow them to file their claims now.

For the foregoing reasons, the Court **ORDERS** as follows:

1. All the Objections [DE#s 479, 482, 487, 491, 492 and 494] are overruled.

2. All the *ore tenus* motions made on the record at the November 16, 2023 hearing are denied.

3. The Trustee's Amended Final Report [DE# 477] is approved, including approval of the professional fees, and the Trustee is authorized to make the distributions proposed in the Final Report.

###

Copies to: All parties of record by the Clerk of Court, and via US Mail to the Objecting Creditors at the following mailing addresses:

Nathan E. Boyer
2101 Sherwood Lane
Havre de Grace, MD 21078

---

[5] As mentioned, Mr. Cesta did file a timely proof of claim but appeared at the November 16th hearing seeking to amend his claim to assert a higher amount. The Court finds that his request to amend his claim is untimely and, therefore, is denied.

9

Dan Truckey
3292 Haven Place
Green Bay, WI 54313

Curtis Ross
PO Box 567
11368 East 900 North
Remington, IN 47977

Peter Creelman
4371 East Saint John Road
Phoenix, AZ 85032

David DeBlauw
6906 Meadow Song Trail
Rockford, IL 61109

Franco Cesta
2535 Cliff Road
Mississauga, Ontario L5A2P4
Canada

Ed Murray
1300 Business Highway 61 South
Bowling Green, MO 63334

William Barth
1517 Cushman Ct.
Longmont, CO 80501

Mary Ann Blood
c/o Wendell David Schutt
PO Box 1015
Pinehurst, ID 83850

Mary Ann Blood
c/o Wendell David Schutt
E. 921 Brooklawn Drive
Spokane, WA 99208

Lisa Ferrera
c/o Donald Ferrera
3024 Nottingham Lane
Modesto, CA 95350